## CHARLES D. ARTER

*v.*

## JOEL S. BYINGTON.

CONTRACTS — *parties to illegal contracts* — *must abide the consequences.*
During the late civil war, one B. engaged in illicit trade with the enemy, was
detected by A., and, to prevent his exposure to the authorities, he paid A.
$1,000. *Held*, that B. could not recover it back. The law affords no relief to
joint actors in an unlawful scheme.

APPEAL from the Circuit Court of Alexander county; the
Hon. WILLIAM H. GREEN, Judge, presiding.

This was an action of assumpsit instituted in the court below,
by the appellee against the appellant, to recover back the sum
of $1,000, alleged to have been paid by him to the appellant as
a bribe. It appears that, during the late civil war, appellee
was engaged in unlawful commerce with the public enemy, in
which he was discovered by appellant, and, to prevent his ex-
posure to the authorities of the government, he paid appellant
the sum of $1,000. The case was tried before a jury, who
found a verdict for the plaintiff for the amount claimed, to
reverse which the case is brought to this court by appeal.

Messrs. MULKEY, WALL & WHEELER, for the appellant.

Messrs. O'MELVENY & HOUCK, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

The plaintiff in this case was a merchant in Cairo, and in
1865 sold a quantity of powder and shot under circumstances
which excited the suspicion of the defendant, that the articles
were designed for the use of the rebel States. The defendant
seized the goods, as they were being loaded at night into a skiff,
and attempted to arrest the persons loading them, but they
escaped. He then saw the plaintiff, and threatened he would
close his store and report him to the United States marshal,

unless the plaintiff would pay him a thousand dollars. The plaintiff paid the money, and now brings this action to recover it back. In the Circuit Court, verdict and judgment went for the plaintiff.

The defendant in the Circuit Court asked an instruction to the effect, that, if the plaintiff was selling military goods under circumstances tending to show he knew they were designed for the use of the public enemy, and if he bribed the defendant by the payment of a thousand dollars, not to report him to the authorities, and the defendant did not report him, he can not now recover back the money. This instruction should have been given. It is a very clear case for the application of the maxim, "*ex turpi causa non oritur actio.*" If the plaintiff was engaged in unlawful commerce with the public enemy, supplying them clandestinely with the means of prosecuting their war against the government, it was the duty of the defendant to apprise the proper authorities with a view to the stoppage of such illicit trade; and, if the plaintiff paid the defendant money to secure his complicity in these proceedings, he must abide by his own act. The law leaves such parties where it finds them. Joint actors in a wrongful scheme, the law will not stoop to inquire whether one party has gained an advantage over the other in its prosecution.

The instructions asked for defendant should have been given, and those given for plaintiff should have been refused.

*Judgment reversed.*