## UNITED STATES v. GALBREATH.

(District Court, N. D. California, N. D. October 20, 1925.)

No. 2539.

1. **United States ☯➾29—One assisting prohibition agent in performance of his work held not civil officer of United States.**

One assisting prohibition officer in performance of his work is not civil officer of United States, inasmuch as office of assistant to prohibition agent does not exist.

2. **Contracts ☯➾138(3)—Money paid as bribe held not recoverable by payer after its seizure on arrest of recipient.**

Where money paid as bribe to one who was assisting prohibition agent was seized, and recipient convicted of extortion, *held* money should be deposited in registry of court under Act Jan. 7, 1925 (Comp. St. Supp. 1925, § 10294a), and liquor law violator, who made such payment in first instance, was not entitled to recover it, regardless of whether it is possible under Cr. Code § 39, Rev. St. § 5451 (Comp. St. § 10203), to bribe a de facto officer.

Petition for return of money paid to Maurice Galbreath as bribe, after his conviction of crime of extortion. Petition denied.

Clifford A. Russell, of Sacramento, Cal., for petitioner.

George J. Hatfield, U. S. Atty., of San Francisco, Cal., and Gerald R. Johnson, Asst. U. S. Atty., of Sacramento, Cal.

KERRIGAN, District Judge. [1] The agreed statement in this case shows that the defendant, who was not an officer of the United States, assisted one Ike Caveny, who was a prohibition agent, in the performance of his work. Although prohibition agents are "civil officers of the United States," this did not constitute the defendant such an officer, because the office of assistant to a prohibition agent does not exist. Leonard v. United States (C. C. A. 1) 6 F.(2d) 353, 355.

[2] Such being the case, it appears that, after several purchases of intoxicating liquor had been made by defendant and Caveny from petitioner, for the purpose of obtaining evidence of violations of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), defendant asked for and received from petitioner the sum of $300, which was given to and accepted by him as a bribe to prevent petitioner's arrest. The arrest of both men followed, and approximately $250 of the money was taken from defendant's person by Agent Parker, who has retained possession of it up to the present time. Defendant has been convicted

of extortion, an offense closely related to that of bribery (9 C. J. 402), and petitioner now seeks the return of said money, claiming that it is legally his property.

The subject to be discussed has received little attention in reported cases. Only a single instance has been found in which even an analogous situation was presented. Clark v. United States, 102 U. S. 322, 331, 332, 26 L. Ed. 181. There it was held that money which had been paid to a public officer, with the corrupt motive and purpose of procuring the official action of another officer, could not be recovered back by its original owners in a suit against the United States. The court said: "Clearly this was bribery, and placed the claimants and the man they corrupted in pari delicto. They could not recover back from him the money they paid, neither can they from the United States after it has been taken from him as a punishment for his faithlessness to his trust."

It might well be argued that in this case bribery was committed, and that therefore the authority just cited is exactly in point. It was expressly decided, in Ex parte George E. Winters, 10 Okl. Cr. 592, 140 P. 164, 51 L. R. A. (N. S.) 1087, 1090, that one who holds himself out as an officer, and as such solicits or accepts a bribe, cannot defeat the charge by saying that as a matter of law he had no right to act as such officer. As said by the court, "if he was officer enough to solicit and accept a bribe, he was also officer enough to be sent to the penitentiary for so doing." In strong similarity to the facts of the present case, there it had been shown that under the law a state prohibition officer had not the power to appoint deputies. The objection was peremptorily overruled on the ground that, for the purposes of the prosecution, that fact made no difference whatever. In a note published in 51 L. R. A. (N. S.) 1087, there is a collection of other authorities to the same effect.

Now if the recipient of money, whether an officer de jure or de facto, is guilty of bribery, the giver would seem to be guilty of a like offense. But without deciding the question, whether or not under section 39 of the Criminal Code (Rev. St. § 5451 [Comp. St. § 10203]) it is possible to bribe a person acting as de facto officer of the United States, it is sufficient to say that in the case at bar it affirmatively appears that defendant represented, and petitioner intended and believed, that Caveny, who in fact was a de jure officer, was to share in the money in question. Petitioner therefore was guilty at least of an attempt to commit bribery, if

not of that crime itself. It is of course unthinkable that a court of justice will assist in the recovery of property voluntarily surrendered under such circumstances.

Let the order be that the money be deposited in the registry of the court, in accordance with the provisions of the Act of January 7, 1925 (Comp. St. Supp. 1925, § 10294a).

The petition is denied.