## UNITED STATES v. CONNOUGHTON ét al.
### No. 26152.

District Court, E. D. New York.
March 22, 1930.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (James E. Wilkinson and William T. Cowin, Asst. U. S. Attys., both of Brooklyn, N. Y., of counsel), for the United States.

Joseph M. Crooks, of Brooklyn, N. Y. (Louis J. Castellano, of Brooklyn, N. Y., of counsel), for defendant Pogoda.

BYERS, District Judge.

A verified petition has been filed by the defendant Pogoda, above named, as the basis for a motion upon which an order is sought, directing the clerk of this court to pay to him, out of the registry funds of this court, the sum of $300, deposited therein on January 31, 1930.

The petition recites that said Pogoda was indicted as a conspirator against the United States on November 21, 1929, and on December 16, 1929, he pleaded guilty, and on January 3, 1930, he was sentenced to a six months' term, and the operation of his sentence was suspended by the Court.

That, on June 29, 1929, he was arrested at the United States Army base in connection with the charges upon which the indictment was based, and, at that time, he had on his person, the sum of $300, which was taken from him by an officer of the Prohibition Department, one Sipe, on that occasion, and which was used by the government as evidence upon the trial of the indictment bearing the above number against two of the defendants named therein, that is, Connoughton and Taylor.

That there was another indictment against the same defendants bearing the number 26080, on November 21, 1929, which was dismissed on January 16, 1930, on motion of the United States Attorney.

The $300 in question seems to have been deposited by Inspector Conwell, of the Bureau of Prohibition, under date of January 31, 1930, and the registry docket of this court indicates that an entry was made of the deposit in connection with the last-named indictment.

The petition alleges that the petitioner did not use the said money for any unlawful purpose, and that the same was not used as a bribe to any officer of the United States, and the prayer for the return of the said $300 follows.

While the petition does not refer to any statute as the basis for the application, it is apparent that the same is founded on title 28, § 852, USCA, reading as follows:

"Section 852. *Same; Withdrawal.* No money deposited as aforesaid shall be withdrawn except by order of the judge or judges

238

of said court, respectively, in term or in vacation, to be signed by such judge or judges, and to be entered and certified of record by the clerk; and every such order shall state the cause in or on account of which it is drawn.

"In every case in which the right to withdraw money so deposited has been adjudicated or is not in dispute and such money has remained so deposited for at least five years unclaimed by the person entitled thereto, it shall be the duty of the judge or judges of said court, or its successor, to cause such money to be deposited in the Treasury of the United States, in the name and to the credit of the United States. Any person or persons or any corporation or company entitled to any such money may, on petition to the court from which the money was received, or its successor, and upon notice to the United States attorney and full proof of right thereto, obtain an order of court directing the payment of such money to the claimant, and the money deposited as aforesaid shall constitute and be a permanent appropriation for payments in obedience to such orders. (R. S. § 996; Feb. 19, 1897, c. 265, § 3, 29 Stat. 578; Mar. 3, 1911, c. 224, 36 Stat. 1083.)"

The foregoing is the statute which is referred to in USCA title 18, § 570, which reads as follows:

"§ 570. *Disposition of Bribe Moneys.* All moneys received or tendered in evidence in any case, proceeding, or investigation in any United States court, or before any officer thereof, which have been paid to or received by any official as a bribe, shall after the conclusion and final disposition of the particular case, proceeding, or investigation in which it was received as evidence, be deposited in the registry of the court to be disposed of under and in accordance with the order, judgment or decree of the said court, to be subject, however, to the provisions of section 852 of Title 28. (Jan. 7, 1925, c. 33, 43 Stat. 726.)"

■ Apparently the foregoing statute calls upon the court to make an order, judgment, or decree, controlling the disposition of this fund, upon the theory that the said $300 was paid to or received by an official as a bribe; under ordinary circumstances, money paid as a bribe to an official ought not to be returned either to the person paying or the person receiving the bribe. If it is not to be returned, automatically it finds its way to the Treasury of the United States, as disclosed in the statute first above quoted.

■ The trial of the conspiracy bearing the above number was conducted in this court from December 17, 1929, to December 26, 1929, and resulted in a verdict of acquittal as to the defendant Connoughton after the indictment had been dismissed as to the defendant Taylor. The defendants Liebowitz and Pogoda, as heretofore stated, had pleaded guilty prior to that trial, and the result, in a legal sense, therefore, is that Liebowitz and Pogoda were adjudged guilty of having conspired with Connoughton and Taylor, while the latter two have been adjudged not to have been guilty of conspiring with the first two named, although but one conspiracy was involved.

Connoughton was in charge of the seizure room at the Army base in this District during the Spring of 1929, and the effort was made to establish that he had conspired with Liebowitz and Pogoda to enable them to remove whisky from the Army base, in consideration of the payment of $300.00. The evidence on the trial established that several prohibition agents were instrumental in promoting the alleged conspiracy, and encouraging both Liebowitz and Pogoda into believing that the whisky could so be procured, and Connoughton into believing that he could successfully accomplish the desired result.

The evidence was thoroughly consistent with a purpose on the part of some of the prohibition agents to lay a trap for the custodian Connoughton, and to more or less beguile Liebowitz and Pogoda into entering upon the adventure which led to the arrest of June 29, 1929.

Attention has been called to the case of United States v. Galbreath (D. C.) 8 F.(2d) 360, 361. In that case, one Galbreath posed as an assistant to a prohibition agent, and, in that capacity, received $300 from one who was illegally selling liquor. The money was given and accepted as a bribe, and $250 was taken from Galbreath immediately after the arrest of the giver and receiver of the bribe. The receiver of the bribe, Galbreath, thereupon filed a petition to recover the money, and the court quite properly denied the petition, and said, in part: "It is of course unthinkable that a court of justice will assist in the recovery of property voluntarily surrendered under such circumstances." Galbreath was convicted of extortion, and it must be clear that his position was quite different from that occupied by the petitioner in this instance.

If in this case Prohibition Agent Friedman, having received the money or part of

it, had later been arrested and the money taken from him by the arresting officer and used upon his trial as evidence, and he had been convicted of extortion, and then had sought to recover the money which he had accepted as a bribe, the case above cited would be squarely an authority upon which his petition would be denied.

The only other authority cited is the case of Clark v. United States, 102 U. S. 322, 26 L. Ed. 181, in which it appears that the Court of Claims denied to two persons who had bribed a United States government official in 1864 to pass through New Orleans a shipment of cotton by paying him $10,000, which later found its way into the United States Treasury, the right to recover the same from the United States.

The reasoning in that case would be conclusive on this application, if the facts in that case showed any action on the part of a representative of the United States government corresponding to the initiative taken by the custodian or the prohibition agents in this case, as a result of which Liebowitz and Pogoda were induced to enter into their negotiations which resulted in the conspiracy charge.

The granting of this application is not to be regarded as establishing a precedent in any other case. It is solely the facts herein involved and the belief that title 18, § 570, USCA, invites the exercise of discretion under appropriate circumstances, which lead to the conclusion now reached, that the petition be granted.