**UNITED STATES v. THOMAS.**
No. 7511.

Circuit Court of Appeals, Fifth Circuit.
Feb. 11, 1935.

John W. Holland, U. S. Atty., of Jacksonville, Fla., and W. Sanders Gramling, Asst. U. S. Atty., of Miami, Fla., for the United States.

Lloyd C. Hooks, of Miami, Fla., for appellee.

Before BRYAN, SIBLEY, and WALKER, Circuit Judges.

BRYAN, Circuit Judge.

This is an appeal from an order adjudging W. G. Thomas entitled to the return of $1,000 which the government contends he paid as a bribe to its customs officers. Thomas alleged in his petition, and the government's answer admits, that in January, 1928, he was arrested while engaged in the act of transporting intoxicating liquor; that he was promptly taken before a United States Commissioner on the charges of violating the National Prohibition Act and attempted bribery; that he waived preliminary hearing and was bound over on both charges; that he pleaded guilty in the District Court to an information charging him with unlawful possession and transportation of liquor; that he was not prosecuted for bribery; that subsequent to his arrest the $1,000 bill was turned over to the Collector of Customs; that in June, 1931, after prosecution for bribery had been barred by the statute of limitations, he made demand upon the collector for the return of the money, but the Collector, without either acceding to or definitely rejecting his demand, in June, 1933, paid the money into the registry of the court; that in November, 1933, on the petition of the District Attorney, the court, without giving Thomas notice or opportunity to be heard, entered an order directing the clerk to cover the money into the Treasury, and vacated that order in this proceeding. Thomas also alleged in his petition that the $1,000 bill was not offered in evidence either at the preliminary hearing or in the District Court; that he is the true and lawful owner of it, and is entitled to its return because of the running of the statute of limitations and the presumption that he is innocent of the charge of bribery. But the government in its answer alleged affirmatively that the $1,000 bill was offered in evidence before the Commissioner at the preliminary hearing, and furthermore that it was paid by Thomas to the customs officers as a bribe, and with the intention on his part that it be accepted as a bribe. Thomas submitted a motion to strike these portions of the answer, and at the same time an additional motion for the entry of a final order on the petition and answer on the ground that the answer did not present a good defense, but admitted the material averments of the peti-

tion; and the court, without taking any testimony, as appears from its written opinion, adopted Thomas' view that because there had been and could be no prosecution against him for bribery he was entitled to the relief prayed, and entered the order from which this appeal is taken.

Counsel for the government rely on 18 USCA § 570, and 28 USCA § 852, in support of the contention that the District Court exhausted its jurisdiction upon the entry of its order directing the clerk to deposit the money in dispute in the Treasury. By the first of these statutes money, received or tendered in evidence in any court of the United States or before any officer thereof, which had been paid to or received by any official as a bribe, is required to be deposited in the registry of the court, to be disposed of as the court may by order direct, subject, however, to provisions of 28 USCA § 852, which authorize the court to order the withdrawal of any money so deposited, where the right to withdraw it has been adjudicated or is not in dispute, and where the money has remained on deposit and unclaimed for at least five years, and to cause such money to be deposited in the Treasury of the United States. But this latter section also provides that any one entitled to any such money may on petition to the court, and upon full proof of his right thereto, obtain an order of the court directing payment to him. We entertain no doubt that the District Court had jurisdiction to set aside its previous order, since that order was entered in an ex parte proceeding, and the money had not remained unclaimed for five years, but was still in dispute. But we think the court erred in rejecting the answer as immaterial and ordering the money returned to Thomas on the case stated by the petition. It is unimportant in this proceeding whether the money was received and tendered in evidence at the preliminary hearing; but the answer also alleges that Thomas paid the money to an official of the United States with the intent on his part that it should be accepted as a bribe. Under any view the court should have heard testimony on the issue of bribery thus raised. Thomas cannot avoid that issue by relying on the presumption of innocence and alleging merely that the money was received from him and retained by the customs officers; for that is an allegation which is entirely consistent with bribery. In order to recover he is required by statute to make full proof of his right to the money deposited in the Treasury, and

this he cannot do without showing that he is innocent of the charge of bribery. If he was guilty of bribery, he could not have recovered the bribe money back from the customs officers, and has no better claim against the United States. Clark v. United States, 102 U. S. 322, 332, 26 L. Ed. 181; St. Louis, V. & T. H. R. Co. v. Terre Haute R. R. Co., 145 U. S. 393, 407, 12 S. Ct. 953, 36 L. Ed. 748; Harriman v. Northern Securities Co., 197 U. S. 244, 295, 25 S. Ct. 493, 49 L. Ed. 739.

The order appealed from is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.