## UNITED STATES v. TEED.
### No. 12556.

United States Court of Appeals.
Ninth Circuit.

Nov. 17, 1950.

562

Harvey Erickson, U. S. Atty., Frank R. Freeman, Asst. U. S. Atty., Spokane, Wash., for appellant.

Paine, Lowe & Coffin, R. E. Lowe and Alan P. O'Kelly, all of Spokane, Wash., for appellee.

Before HEALY, and POPE, Circuit Judges, and CLARK, District Judge.

CLARK, District Judge.

Motion was filed by one Shirley Doores for an order directing disbursement of money held by the Clerk of the District Court. Appellee, Edward H. Teed, filed petition in intervention asserting, among other things, the payment of $5950.00 to said Shirley Doores and that said amount was obtained by said Shirley Doores by means of threats, duress, fraud, extortion and blackmail, and in his petition appellee asks for payment to him of the said sum of $5950.00.

After a hearing the District Court made its findings of fact, conclusions of law and entered its judgment in favor of the said Intervenor,—Appellee here. This appeal is taken from the judgment entered by the District Court.

It may be well at this point to set out the facts, briefly, leading up to the motion and the petition in intervention upon which the judgment of the lower Court is based. These facts are disclosed by the record before us and the statement of facts by appellant which is agreed to by appellee.

Prior to and during the early part of 1944 Edward H. Teed, Appellee, was a practicing physician in Coeur d'Alene, Idaho. During the early part of 1944 Shirley Doores, on several occasions, secured from Dr. Teed narcotic drugs or prescriptions for narcotic drugs for herself and for one referred to as Mike Sanders. It appears from the record that working with Miss Doores was one George Clayton and one Edward Kelly. About April 10, 1944, after Miss Doores had obtained several prescriptions for narcotics she called at Dr. Teed's office in Coeur d'Alene, Idaho, and while she was there Kelly entered the Doctor's office, announced that he was J. W. Graben, a narcotic officer from Seattle and that he was there to investigate prescriptions issued to one Mike Sanders, advising the Doctor that he had a warrant for his arrest, and showing the Doctor what purported to be his credentials. After Kelly had left the Doctor's office Miss Doores told Dr. Teed that she had spoken to Graben, or had had previous dealings with him and that he could be "fixed" for $2500.00. This amount was paid on that day by Dr. Teed to Miss Doores. On following dates Miss Doores called on Dr. Teed telling him how serious the situation was and that she was unable to "fix" the agents for the amount he had paid and that in order to "fix" them more money would be necessary and also large amounts of narcotics. The statement of facts, as agreed to, shows that some $14,000.00 and large amounts of narcotics were obtained from Dr. Teed by Miss Doores, during the early part of 1944. It is also indicated by the record that Dr. Teed knew that there was a narcotic officer stationed in Seattle by the name of Graben, and that he was led to believe that Kelly, who represented himself to be Graben was actually the narcotic officer from Seattle.

Miss Doores divided with her accomplices only some $600.00 of the $14,000.00 received and some time after the 24th of April, Kelly appeared in Dr. Teed's office, still posing as Graben, and demanded sums of money in addition to the $600.00. Dr. Teed, realizing that Shirley Doores had not used the $14,000.00 to "fix" the officers, immediately called the peace officers and Shirley Doores, George Clayton and Edward Kelly were arrested.

The three,—Doores, Clayton and Kelly were, about December 12, 1944, tried in the United States District Court, Eastern District of Washington and convicted of conspiring to extort money from Dr. Ed-

ward H. Teed. The $5950.00 was used in the trial as evidence; later turned into the registry of the Court. On June 6, 1949, Shirley Doores' motion for the release of the money was filed and on August 31, 1949, Edward H. Teed's petition in intervention was filed.

No mention is made in the record or the statement of facts about the balance of the $14,000.00. The $5950.00 being in possession of Miss Doores, identified as the Teed Money, kept in a deposit box by her, and brought into Court during the extortion trial.

This appeal is from the Judgment of the District Court granting the petition of appellee and ordering the Clerk of the District Court to pay to Edward H. Teed the sum of $5950.00 out of the registry of the Court. No appeal was taken by Miss Doores.

■ There are seven questions presented by appellant all of which have been considered by this Court; however, we find that only one merits any discussion, this is designated by appellant as "Question No. 1. Whether the Court was justified from the evidence in this case in making finding of fact No. 4 which is as follows: That Edward H. Teed, who paid the money and Shirley Doores, who received it, are not in pari delicto and Edward H. Teed had no intention of bribing or attempting to bribe a Federal Narcotic Agent until he was coerced and deceived by Shirley Doores as stated above". We find that the Court was well within its discretion, in fact there is ample justification for such finding.

As far as the record here is concerned the most that can be said is that Teed, when he found himself involved because of having prescribed narcotics for Miss Doores,—after being threatened by Kelly, posing as Graben the Narcotic Officer, and after being coerced by Shirley Doores, paid her a considerable sum of money in an attempt to avoid arrest. Immediately upon finding out that he was being blackmailed by Shirley Doores he went to the officers, knowing full well that the result

would be his arrest on the narcotic charge. This came about; he was tried, convicted and sentenced in the Idaho Court. He was never indicted on a bribery charge, nor attempted bribery, nor conspiracy to bribe. The District Attorney saw fit to prosecute Doores, Kelly and Clayton on a charge of extorting and conspiring to extort this particular money from Teed. Conviction was had of the three defendants; Clayton appealed to this Court, Clayton v. United States, 9 Cir., 152 F.2d 402.

■ It is impossible to perceive how it could be said that Dr. Teed was in pari delicto with Doores and her associates. True, he had violated the narcotic laws, for which he was convicted in the Idaho Courts. While he paid the money under threat of criminal prosecution, yet the authorities are clear that his recovery of such money is not barred by that circumstance. Williston, Contracts, Rev.Ed. Sec. 1614; Note 17 A.L.R. 325 at p. 339. Wilbur v. Blanchard, 22 Idaho 517, 126 P. 1069.

■ As for the payment of the money itself, since Doores and associates had no intention whatever of using the money for a bribe, and nothing was ever promised, offered, or given, or attempted to be promised, offered, or given, 18 U.S.C.A. § 201, neither bribery nor an attempt to commit bribery occurred, and on the facts there could be no conspiracy to commit such an offense. Morrison v. People of State of California, 291 U.S. 82, 93, 54 S.Ct. 281, 78 L.Ed. 664. The case of United States v. Galbreath, D.C., 8 F.2d 360, cited by appellant is not in point. There the money was paid to one who acted for the Government, and it was handled under Title 18, Sec. 3612, formerly § 570, admittedly not applicable here. Doores was agent for Dr. Teed and did not even purport to represent the Government officers.

Thus the only crime committed, so far as the money was concerned, was the crime of extortion. In respect to that,

564

Dr. Teed, far from being in pari delicto, played the part of victim only.

The Government, in the Clayton case above cited, charged Doores, Kelly and Clayton with conspiring to extort money and narcotics from Dr. Teed. Doores and Kelly were also charged with the substantive offense of extortion to which they pleaded guilty. The finding of the lower Court in the case now before this Court is not only supported by the record here but also by the case cited above, a record of which, no doubt, the lower Court had before it in considering this matter.

The judgment is affirmed.