28

UNITED STATES of America, Plaintiff,

v.

Carnel SPRINKLES, Defendant.

No. 12449.

United States District Court E. D. Kentucky.

Feb. 15, 1956.

Henry J. Cook, U. S. Atty., B. Robert Stivers, Asst. U. S. Atty., Lexington, for plaintiff.

J. Milton Luker, C. R. Luker, London, Ky., for defendant.

FORD, Chief Judge.

The defendant Carnel Sprinkles was indicted for violation of Section 209 of Title 18 United States Code. The charge set out in the indictment was that at a time when a grand jury of this court was engaged in investigating a charge against defendant for violating the Internal Revenue laws of the United States he paid the sum of $500 to a person who was about to be a witness before the grand jury upon the understanding that the testimony of the witness would be influenced thereby in favor of the defendant. The defendant plead guilty to the charge and, in addition to a sentence of imprisonment, he was fined the sum of $400.

The $500 which was paid as a bribe to the witness was paid into Court and is now deposited in the Registry of this court in compliance with the requirements and subject to the provisions of Title 18 U.S.Code, § 3612. This section provides that money received as a bribe and deposited in the Registry of the court shall be "disposed of in accordance with the order of the court". Section 2042 of Title 28 U.S.Code provides that no money so deposited shall be withdrawn except by order of court and "Any claimant entitled to any such money may, on petition to the court and upon notice to the United States attorney and full proof of the right thereto, obtain an order directing payment to him."

Claiming that under these statutory provisions the disposition of bribe money so deposited is within the judicial discretion of the court, the defendant has moved the court to enter an order di-

recting that a sufficient amount of the bribe money now on deposit in the Registry of the Court be applied to the payment and satisfaction of the fine of $400 imposed upon him.

It seems quite clear that, in thus seeking to have the bribe money applied in satisfaction of his obligation to pay the fine, defendant's claim is equivalent, in substance and effect, to his personal claim for the fund and the matter is controlled by the same law.

■■ In St. Louis V. & T. H. Railroad Co. v. Terre Haute & I. Railroad Co., 145 U.S. 393, 407–408, 12 S.Ct. 953, 957, 36 L.Ed. 748, the rule of law applicable and controlling under the undisputed facts and circumstances of this case is thus stated by the Supreme Court: "* * property conveyed pursuant to a contract made in consideration of the compounding of a crime, and the stifling of a criminal prosecution, and therefore clearly illegal, cannot be recovered back at law, nor the conveyance set aside in equity, unless obtained by such fraud or oppression on the part of the grantee that the conveyance cannot be considered the voluntary act of the grantor." There is nothing in this case to show that the money paid as a bribe was obtained by fraud or oppression or that the transaction cannot be considered the voluntary act of the defendant. Defendant's plea to the indictment precludes any question as to his guilt of bribery. Cf. United States v. Thomas, 5 Cir., 75 F.2d 369.

■ In The Styria v. Morgan, 186 U.S. 1, 9, 22 S.Ct. 731, 46 L.Ed. 1027, the Supreme Court points out that a clearly established rule governing the question involved puts an end to discretion. This rule was recently applied in Cohen v. Young, 6 Cir., 127 F.2d 721, 726.

An impressive statement as to the limited area of judicial discretion is found in the declaration of Chief Justice Marshall's opinion in Osborn v. Bank of United States, 9 Wheat. 738, 22 U.S. 738, 6 L.Ed. 204, 865, thus:

"* * * Judicial power, as contradistinguished from the power of the laws, has no existence. Courts are the mere instruments of the law, and can will nothing. When they are said to exercise a discretion, it is a mere legal discretion, a discretion to be exercised in discerning the course prescribed by law; and, when that is discerned, it is the duty of the court to follow it."

In view of the undisputed facts and the established principles of law above set out, the Court is without power or discretion to grant defendant's motion, and it must be denied. Let an order be entered in conformity herewith.