**UNITED STATES of America,
Plaintiff-Appellant,**

v.

**Ralph IOVENELLI, Defendant-Appellee.**

No. 16835.

United States Court of Appeals
Seventh Circuit.

Nov. 15, 1968.

Thomas A. Foran, U. S. Atty., Peter F. Vaira, Asst. U. S. Atty., Chicago, Ill., for plaintiff-appellant; John Peter Lulinski, Michael B. Nash, Eugene Robinson, Asst. U. S. Attys., of counsel.

Frank J. McGarr, Chicago, Ill., for defendant-appellee; Walter H. Moses, Jr., Chicago, Ill., of counsel.

Before CASTLE, Chief Judge, and HASTINGS and FAIRCHILD, Circuit Judges.

CASTLE, Chief Judge.

Defendant-appellee, after entering a plea of guilty, was convicted of bribery of a Treasury Department agent, in violation of 18 U.S.C. § 201(b), and sentenced to two years probation, the first 90 days to be served in a county jail, and fined $1000 and costs. Defendant has served his jail sentence and paid the fine and costs. Subsequent to defendant's conviction the Government moved in the District Court to withdraw the bribe money—$300—which it had deposited in the registry of the office of the Clerk of the District Court. The Court denied the motion and ordered the money returned to the defendant. The Government appealed.

The contested issue on appeal is whether, under the circumstances of this case, the District Court's return of the bribe money to the defendant, a convicted briber, was a matter subject to the Court's discretion. We hold that it was not and therefore reverse the District Court's order.

At the hearing before the District Court the defendant urged that he was in "rather dire financial straits," that he had a retarded son to support, and that the circumstances surrounding the offense presented a "clear flavor of entrapment." Defendant now contends that these factors, along with others contained in the pre-sentence report, formed a basis authorizing the Court in the exercise of discretion to order the bribe money returned to him.

On the facts here involved, we perceive no permissible area for the ex-

ercise of such a discretion. While the two relevant statutory provisions, 18 U.S.C. § 3612 and 28 U.S.C. § 2042 [1] do not vest an indefeasable interest to bribe money in the United States, they contain nothing which makes it discretionary with the Court as to whether or not the money will be returned to the convicted briber. It is our opinion that a person seeking return of money deposited pursuant to § 3612 must demonstrate a right to the return of the money to him. And, in this connection, we are of the view that the holding in Clark v. United States, 102 U.S. 322, 26 L.Ed. 181, is dispositive of this case. In Clark it was pointed out:

"Clearly this was bribery, and placed the claimants and the man they corrupted *in pari delicto*. They could not recover back from him the money they paid, neither can they from the United States after it has been taken from him * * *" 102 U.S. at 331–332.

In this connection, United States v. Thomas, 75 F.2d 369, 371 (5th Cir. 1935) observed:

"* * * If he was guilty of bribery, he could not have recovered the bribe money back from the customs officers, and has no better claim against the United States. Clark v. United States, 102 U.S. 322, 332, 26 L.Ed. 181; St. Louis, V. & T. H. R. Co. v. Terre Haute & I. R. R. Co., 145 U.S. 393, 407, 12 S. Ct. 953, 36 L.Ed. 748; Harriman v. Northern Securities Co., 197 U.S. 244, 295, 25 S.Ct. 493, 49 L.Ed. 739."

See also United States v. Galbreath, 8 F.2d 360 (D.C.N.D.Cal.1925); Arter v. Byington, 44 Ill. 468 (1807); Goodrich v. Tenney, 44 Ill.App. 331 (1892).

■■ A convicted briber forfeits any right he had to the bribe money. Therefore, ordinarily, the Government alone is entitled to the money used to bribe its agent.[2]

We are not persuaded by United States v. Connoughton, 39 F.2d 237 (D.C.E.D. N.Y.1930), heavily relied upon by the defendant, insofar as it may be taken as expressing a contrary view.

The order below is therefore reversed.

Reversed.

HASTINGS, Circuit Judge (dissenting).

Although this case is concerned with the small sum of $300 and with the unpleasant circumstance of attempted bribery of a government employee, I am compelled to dissent because I believe an important question of law is involved.

Iovenelli was indicted by a federal grand jury charging defendant with giving $300 to an agent of the Treasury Department of the United States with intent to influence his decision and action on a matter in connection with income tax returns pending before him in his official capacity, in violation of Title 18, U.S.C.A. § 201(b).

Defendant was represented by able counsel and entered a plea of not guilty

---

1. 18 U.S.C. § 3612. Bribe moneys. "Moneys received or tendered in evidence in any United States Court, or before any officer thereof, which have been paid to or received by any official as a bribe, shall, after the final disposition of the case, proceeding or investigation, be deposited in the registry of the court to be disposed of in accordance with the order of the court, to be subject, however, to the provisions of section 2042 of Title 28."

28 U.S.C. § 2042. Withdrawal. "No money deposited shall be withdrawn except by order of court.

"In every case in which the right to withdraw money deposited in court has been adjudicated or is not in dispute and such money has remained so deposited for at least five years unclaimed by the person entitled thereto, such court shall cause such money to be deposited in the Treasury in the name and to the credit of the United States. Any claimant entitled any such money may, on petition to the court and upon notice to the United States attorney and full proof of the right thereto, obtain an order directing payment to him."

2. The Government distinguishes the case where the bribe money belongs to someone other than the briber, in which case that party, and not the Government, would be entitled to the money.

to the charge. After discovery proceedings in the trial court, and acting on the advice of counsel, defendant withdrew his plea of not guilty and entered a plea of guilty. The guilty plea was accepted by the district court and defendant was adjudged guilty thereon.

Subsequently, the cause was referred for pre-sentence investigation and a report was made to the trial court.

Thereafter, defendant was sentenced to a term of probation for a period of two years, the first 90 days of which were to be served in a county jail, and was fined $1,000 and costs. Defendant served the 90-day term in a county jail, paid the $1,000 fine and costs in full and in addition fully paid the underlying civil tax liability and penalties.

Defendant did not appeal his conviction and is currently on probation.

Following defendant's judgment of conviction and sentence, the Government deposited the sum of $300 in the registry of the office of the clerk of the district court, such sum representing a part of its evidence of prosecution for attempted bribery.

About a year later, after defendant had served his jail sentence and satisfied his fine and costs, the United States moved in the district court for entry of an order commanding the clerk of such court to withdraw the sum of $300 previously deposited in the clerk's registry and pay it to the United States Treasury to the credit of and for the use of the United States.

Defendant appeared by his trial counsel and objected to the Government's motion for forfeiture. A hearing was had thereon in the district court, the Honorable William J. Lynch presiding. The district court denied the Government's motion and ordered the $300 paid to defendant.

Subsequently, the United States moved for reconsideration of the order of payment to defendant and, after a hearing thereon, the motion for reconsideration was denied. The United States appealed.

The controlling statute in this proceeding is Title 18, U.S.C.A. § 3612, which reads as follows:

"Moneys received or tendered in evidence in any United States Court, or before any officer thereof, which have been paid to or received by any official as a bribe, shall, after the final disposition of the case, proceeding or investigation, be deposited in the registry of the court to be disposed of in accordance with the order of the court, to be subject, however, to the provisions of section 2042 of Title 28."

The majority opinion states that the "contested issue on appeal is whether, under the circumstances of this case, the District Court's return of the bribe money to the defendant, a convicted briber, was a matter subject to the Court's discretion." The majority held that it was not and reversed the district court's order.

The majority further states "that a person seeking return of money deposited pursuant to § 3612 must demonstrate a right to the return of the money to him" and found the holding in Clark v. United States, 102 U.S. 322, 26 L.Ed. 181 (1880) to be "dispositive of this case."

The majority finally concludes that a "convicted briber forfeits any right he had to the bribe money. Therefore, ordinarily, the Government alone is entitled to the money used to bribe its agent," distinguishing the case where the bribe money belongs to someone other than the briber.

I respectfully disagree on the statement of the contested issue before us and on the legal conclusions drawn therefrom.

The Government and the majority concede, as well they must, that the relevant statutory provisions [1] "do not vest an indefeasible interest to bribe money in the United States," but state that "they contain nothing which makes it discretion-

---

1. 28 U.S.C.A. § 2042 is relevant here only where it states: "No money deposited shall be withdrawn except by order of court." No five year period has elapsed in this case.

ary with the Court as to whether or not the money will be returned to the convicted briber."

In my view, the statute expressly leaves the disposition of bribe moneys deposited in the registry of the court "to be disposed of in accordance with the order of the court * * *." Congress did not see fit to provide for an automatic forfeiture as it could have done. Yet, that is the effect of the majority holding. The statute gives no direction to the district court on the disposition to be made. It obviously leaves this decision to the district court, in the exercise of its discretion under the facts of each individual case. To hold otherwise, it appears to me, violates the clear meaning of the statute. See United States v. Connoughton, D.C.E.D.N.Y., 39 F.2d 237 (1930).

I find no case holding that the statute does *not* leave requested disposition to the discretion of the trial court. Clark v. United States, supra, found dispositive of this case by the majority, is clearly not applicable here. *Clark* was a *civil action* brought by plaintiffs to recover from the United States bribe money paid by them to a customs agent. It was paid for the release from government seizure of a shipment of cotton during the Civil War at the Port of New Orleans. A special commission in New Orleans was appointed by the Secretary of War, with the sanction of President Lincoln, and it investigated the matter. The commission placed the corrupt government official in solitary confinement and the proceeds of the bribe money were confiscated by the commission and eventually were deposited in the treasury.

In *Clark*, the Court held that this was bribery (and not extortion as claimed) and "placed the claimants and the man they corrupted *in pari delicto*. They could not recover back from him the *money they paid, neither can they from* the United States *after it has been taken*

*from him* [the corrupt official] *as a punishment for his faithlessness to his trust."* Emphasis supplied. The Court clearly refused to relieve plaintiffs from an illegal contract. *Clark* was not a criminal case.

The majority's reliance on quoted dictum in United States v. Thomas, 5 Cir., 75 F.2d 369 (1935), is similarly misplaced. In *Thomas*, the defendant had been charged with bribery and after the charge was abandoned (following a plea to a lesser charge) and limitations had run against prosecution therefor, sought return of the alleged bribe money. The trial court rejected the Government's answer, without a hearing, that the money was paid as a bribe, on the ground that since defendant could no longer be prosecuted for bribery he was entitled to return of the money. The Fifth Circuit reversed and remanded for a hearing on the factual questions presented by the Government's rejected answer. No one could quarrel with such a remandment.

Believing as I do that § 3612, supra, permits the district court to exercise its discretion under appropriate circumstances,[2] the remaining question for this court to determine is whether the Government has made such a clear showing of abuse of discretion as to require a reversal. I think not. The Government has not faced up to this issue, relying instead on its legal contention that bribe money is not recoverable.

In the hearing before the district court it was advised of the facts of the case, including the overtones of entrapment. In satisfying his legal obligations, as well as his 90 days imprisonment, the defendant was in dire financial straits. It was urged that defendant was of minimal intelligence quotient himself and had the care of a retarded son. The trial court had the benefit of its personal observation of defendant in open court on several occasions. And, the trial court had the further benefit of the informa-

---

2. I approve the holding in United States v. Connoughton, supra, to the effect that § 3612, supra, (a similar section there) "invites the exercise of discretion under appropriate circumstances." A refund of bribe money was ordered in that case.

**472**

tion contained in the pre-sentence investigation report, which is not available to us on appellate review.

Without in any sense condoning attempted bribery or in any manner suggesting how I might have viewed the circumstances of this case in passing on the merits of the Government's motion for forfeiture, had I been on the trial bench, I would hold that the Government has not sustained its burden of showing that the district court was guilty of a manifest abuse of discretion in entering the order on appeal. We should not substitute our discretionary judgment for that of the district court.

Under the facts of this case, I would affirm the district court's order.