**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Adrian WILSON, Defendant-Appellant.**

**No. 78–1974.**

United States Court of Appeals,
Ninth Circuit.

Feb. 23, 1979.

Rimantas A. Rukstele, Asst. U. S. Atty., Las Vegas, Nev., for plaintiff-appellee.

Before BROWNING and CARTER, Circuit Judges, and JESSE W. CURTIS,* District Judge.

* Honorable Jesse W. Curtis, District Judge, Central District of California, sitting by designation.

JAMES M. CARTER, Circuit Judge:

Mr. Wilson appeals here from the granting of the government's motion to forfeit certain bribe moneys paid by him to a Nevada State official. For his bribery, he was convicted of having violated the "Travel Act", 18 U.S.C. § 1952, which prohibits the use of the facilities of interstate commerce to commit any unlawful act (defined to include, *inter alia*, bribery). The conviction was affirmed in *United States v. Ryan*, 548 F.2d 782 (9th Cir. 1976), *cert. denied*, 429 U.S. 939, 97 S.Ct. 354, 50 L.Ed.2d 308 (1977). Thereafter, the United States government applied to have the bribe money forfeited to it under the provisions of 18 U.S.C. § 3612,[1] a statute which has been interpreted to confer power on the courts to order money used to bribe federal officials forfeited to the government. *United States v. Iovenelli*, 403 F.2d 468 (7th Cir. 1968); *United States v. Thomas*, 75 F.2d 369 (5th Cir. 1935).

In this appeal, Mr. Wilson argues that the forfeiture provisions of 18 U.S.C. § 3612 should not apply to actions involving bribery or alleged bribery of public officials other than federal officials. The government disagrees. By stipulation of the parties, no other issue is in dispute. We hold that the words "any official" in the statute cover state as well as federal officials, and we therefore affirm the order granting the government's motion to forfeit.

We are persuaded in our view of the scope of section 3612—quoted in full in footnote one in the margin—by at least three factors:

First, the plain meaning of the words leads to the logical conclusion that bribery of state as well as federal officials should be covered. Congress said "any offi-

cial", not "any federal official". Where the meaning of a statute is clear and unambiguous, it would be improper to construe admittedly inconclusive legislative history[2] so as to apply the statute in a manner inconsistent with that plain meaning. *See, e. g., Richards v. United States*, 369 U.S. 1, 82 S.Ct. 585, 7 L.Ed.2d 492 (1962); *Gemsco, Inc. v. Walling*, 324 U.S. 244, 65 S.Ct. 605, 89 L.Ed. 921 (1945); *United States v. American Trucking Associations, Inc.*, 310 U.S. 534, 60 S.Ct. 1059, 84 L.Ed. 1345 (1940).

Second, while it may be true, as Mr. Wilson argues, that when 18 U.S.C. § 3612 became law, the only cases in which bribery was a federal crime were those involving bribery of federal officials, this cannot be viewed as having cast the permissible scope of the coverage of the act in concrete. We may presume that Congress was aware of existing law when it passed the Travel Act in 1961. Thus, we may assume that when Congress made bribery in violation of state law a necessary element of some violations of federal law under the Travel Act, it also intended to have the punitive provisions of section 3612 apply to this new federal offense involving bribery.

Finally, those cases mentioned earlier which allow forfeiture of funds used to bribe federal officials have as their underlying rationale the principle that the party with the superior equitable claim to the bribe money is entitled to it, but that a party who was an active participant in the bribery scheme has no claim whatsoever. Thus, in *United States v. Iovenelli, supra*, the court stated:

> ". . . a person seeking return of money deposited pursuant to § 3612 must demonstrate a right to the return of the money to him. And, in this connection, we are of the view that the holding in *Clark v. United States*, 102 U.S. 322, 26

---

1. 18 U.S.C. § 3612 reads as follows:

"Moneys received or tendered in evidence in any United States Court, or before any officer thereof, which have been paid to or received by any official as a bribe, shall, after the final disposition of the case, proceeding, or investigation, be deposited in the registry of the court to be disposed of in accordance with the order of the court, to be subject, however, to the provisions of section 2042 of Title 28 [not applicable here]."

2. Congressional comment at the time the predecessor of 18 U.S.C. § 3612 became law shows only that it was intended to provide for the accounting and security of bribe money used as evidence in criminal trials. 65 Cong. Rec. 10584 (1924).

L.Ed. 181 [1880], is dispositive of this case. In *Clark* it was pointed out:

'Clearly this was bribery, and placed the claimants and the man they corrupted *in pari delicto*. They could not recover back from him the money they paid, neither can they from the United States after it has been taken from him * * *' 102 U.S. at 331–332.

. . . . .

"A convicted briber forfeits any right he had to the bribe money. Therefore, ordinarily, the Government alone is entitled to the money used to bribe its agent."

403 F.2d at 469.

Likewise, in *United States v. Thomas, supra,* the Fifth Circuit stated:

"In order to recover [the bribe money] he is required by statute to make full proof of his right to the money deposited in the Treasury, and this he cannot do without showing that he is innocent of the charge of bribery. If he was guilty of bribery, he could not have recovered the bribe money back from the customs officers [the persons bribed], and has no better claim against the United States."

75 F.2d at 370–71. While it is true, as Mr. Wilson contends, that these rules were formulated in the context of bribery of federal officials, we see no persuasive reasons for departing from them solely on that ground. Mr. Wilson bribed an official, and in so doing he violated federal law. The bribe money was deposited in the registry of the court pursuant to § 3612. The cases teach that equitable considerations are a proper means of determining the disposition of funds so deposited. In that light, it would be undesirable to allow Mr. Wilson to recover the bribe money merely because the person he bribed was a state rather than a federal official.

For the foregoing reasons, the decision of the trial court is AFFIRMED.