**UNITED STATES of America**

v.

**Joseph FARINO, Joseph LoMonte, and Antoinette LoMonte, Defendants.**

**No. 78 CR 579.**

United States District Court,
E. D. New York.

Jan. 21, 1980.

Edward Korman, U. S. Atty. by Neil John Firetog, Sp. Atty., U. S. Dept. of Justice, Brooklyn, N. Y., for plaintiff.

Tepper & Popkin by Irwin Popkin, Hicksville, N. Y., for defendant Farino.

## MEMORANDUM DECISION AND ORDER

SIFTON, District Judge.

By notice of motion dated November 9, 1979, the Government has applied to have paid into the Treasury to the name and credit of the United States the sum of $15,050. It is not disputed that during the trial of the captioned criminal case those monies were shown to have been either received by an agent of the Internal Revenue Service as part of an effort to bribe him or to have been transmitted by one defendant, Joseph Farino, to another, Joseph LoMonte, for that purpose and thereafter seized by the Government following LoMonte's arrest.[1] The defendant Farino alone opposes this application and seeks the return of $15,000 of this money to himself on two grounds. First, he contends that the Court has discretion to award the money to the bribe payer and should exercise that discretion in favor of his request since he was the victim of entrapment or other

---

1. Farino contends, and the evidence at the trial warrants the conclusion that he is correct, that LoMonte stole $10,000 of the $15,000 bribe money given him by Farino for himself by tricking both the agent and Farino concerning the terms of the bribe.

improper pressure by the Government citing *United States v. Connoughton*, 39 F.2d 237 (E.D.N.Y.1930), decided by Judge Byers of this Court. Secondly, Farino argues that, since $10,000 of the bribe money was stolen by LoMonte and never "paid to or received by any official as a bribe" within the meaning of 18 U.S.C. § 3612, the statute relied upon by the Government in seeking forfeiture, he is entitled at least to get that money back.

The first argument must be rejected because, even if it is assumed that Judge Byers was correct in thinking that the matter of forfeiture was discretionary, *cf. United States v. Iovenelli*, 403 F.2d 468 (7th Cir. 1968), there is no occasion here to exercise that discretion in Mr. Farino's favor. The jury which convicted him rejected beyond a reasonable doubt Mr. Farino's contention, again pressed here, that he was entrapped by the IRS agent. The facts, as found by the jury and as this Court finds them as well, are that the defendant Farino was well able to resist the almost ludicrously timid efforts at inducement engaged in by the IRS agent in this case and was also clearly predisposed to take advantage of his apparent good luck in finding a bad apple in the IRS' barrel.

With regard to the second argument, both the Government and the defendant place too great emphasis on the language of a statute enacted principally to clarify Government accounting procedures with respect to the handling of bribe money, 18 U.S.C. § 3612. *See United States v. Wilson*, 591 F.2d 546, 547 n.2 (9th Cir. 1979); 65 Cong.Rec. 10584 (1924). There is no indication either in the sparse legislative history or in the language of the statute that this essentially procedural statute was intended to alter underlying principles of equity and of property law controlling the disposition of bribe monies. Under those principles the

Government, as the possessor or recipient of the bribe, through its agent, is entitled to keep it, since its possessory right is stronger than the rights of the bribe giver. *Clark v. United States*, 102 U.S. 322, 26 L.Ed. 181 (1880); *United States v. Thomas*, 75 F.2d 369, 371 (5th Cir. 1935). As the latter case points out, the principles applicable here are simply an extension of the general rule that a court of equity will not undo an illegal contract, but will rather leave the parties in the position in which they find themselves after their deed is done, citing *St. Louis V.&T.R.R. Co. v. Terre Haute R.R. Co.*, 145 U.S. 393, 407, 12 S.Ct. 953, 957, 36 L.Ed. 748 (1892); *Harriman v. Northern Securities Co.*, 197 U.S. 244, 295, 25 S.Ct. 493, 504, 49 L.Ed. 739 (1905). The language of 18 U.S.C. § 3612 undoubtedly refers to the payment to or receipt by the official of the bribe as establishing the possessory interest in the bribe money which was then sufficient to defeat the inequitable claims of the bribe giver to recover the money. But there is no reason to suppose that the statute was intended to limit the possessory rights of the United States to bribe monies to such situations or to change the rules of equity in situations in which the monies came into the possession of the Government by other lawful means, such as lawful seizure. The same equitable principles which are sufficient to defeat the claim of a party against another *in pari delicto* in the illegal contract case are clearly sufficient to defeat the claim where, as here, the possession by the Government is entirely legal.[2]

For the reasons stated the Government's motion to have the monies deposited in the Treasury to the name and credit of the United States is granted. The application of the defendant Farino for return of $15,-000 of the monies to him is denied.

SO ORDERED.

**2.** The same reasoning authorizes the payment of the $50 amount into the Treasury on the basis of the Government's rights as possessor of the bribe money, even though the money was not received in evidence at the trial as is required in order to bring 18 U.S.C. § 3612 into operation. Since the Government has posses-

sion of the money, there appears no reason not to dispose of it according to the same equitable principles as that governing the balance of the bribe pursuant to the general equity powers of the Court. *Cf.* Rule 67 of the Federal Rules of Civil Procedure.