**UNITED STATES of America**

v.

**Frances PECORA.**

**Crim. No. 80–508.**

United States District Court,
E.D. Louisiana.

April 13, 1984.

John Volz, U.S. Atty., Michael Schatzow, Pauline F. Hardin, Asst. U.S. Attys., New Orleans, La., for U.S.

James McPherson, New Orleans, La., for defendant.

CASSIBRY, Senior District Judge:

The defendant, Frances Pecora, has moved for return of property placed in evidence at her trial. The evidence in question is some $61,000.00 in cash which the defendant acknowledges was paid in order to "obtain favorable consideration" from state law enforcement officials. The motion before the Court, therefore, raises the audacious, if not entirely unprecedented, question of whether a defendant, convicted on charges arising out of her bribery of public officials, can recover the money actually used in the bribery scheme.

On April 6, 1981, the jury in this case returned a verdict finding the defendant guilty on all counts of a three-count indictment for conspiracy, wire fraud, and violation of the Travel Act, 18 U.S.C. §§ 371, 1343, 1952 and 2. The Travel Act, 18 U.S.C. § 1952, prohibits the use of an interstate facility to carry out an unlawful activity. Unlawful activity is defined to include, inter alia, bribery.

■ Following her conviction, Pecora filed this motion for the return of the bribe money which the government had introduced into evidence in the course of her trial. Since no party may withdraw evidence prior to the final disposition of a case, the Court withheld consideration of defendant's motion pending a final resolution of her appeal. Pecora has now exhausted all avenues of appellate review and has commenced serving her sentence. *United States v. Pecora,* 693 F.2d 421 (5th Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 3087, 77 L.Ed.2d 1348 (1983). Accordingly, the Court now turns to her motion.

In her motion, Pecora contends that the money admitted into evidence at trial is her property and that the United States has no claim to the money since it is not "contraband or otherwise subject to ownership by the United States." Further, she argues that the forfeiture provisions of 18 U.S.C. § 3612 permit the United States to retain bribe money only if it was paid to a federal official. Section 3612 does not, Pecora asserts, extend to cases, such as her own, where the bribery of state officials is in-

volved. Not surprisingly, the government vigorously disputes defendant's interpretation of the scope of section 3612.

In the Court's opinion, the plain language of section 3612 lays to rest any doubt as to the scope of the statute.[1] The statute speaks of bribes paid to "any official", not just federal officials. The legislative history offers no indication that Congress intended to distinguish between bribes paid to federal officials and those given state officials. *See United States v. Wilson*, 591 F.2d 546, 547 (9th Cir.1979). Inasmuch as bribery in violation of state law is also an element of an offense under the Travel Act, the Court sees no justification for creating a distinction Congress did not draw. *Id.* We reject, therefore, Pecora's suggestion that we limit the application of section 3612 to cases involving bribery of federal officials. The right of the United States to bribe money placed in evidence in a federal court extends to bribes paid state as well as federal officials. *Wilson*, 591 F.2d at 548.

██ Even were the Court unwilling to hold section 3612 applicable here, we would be unprepared to depart from the longstanding principle that the government's possessory right to the bribe money is stronger than the right of the bribe giver. *Clark v. United States*, 102 U.S. 322, 26 L.Ed. 181 (1880); *United States v. Thomas*, 75 F.2d 369, 371 (5th Cir.1935); *Unites States v. Iovenelli*, 403 F.2d 468, 469 (7th Cir.1968). Pecora bribed an official and has been convicted under federal law for her actions taken in connection with the bribery. Considerations of equity dictate, not that the bribe money be returned to its source, but that the money be turned over to the government which bore the expense of prosecuting the defendant for her offenses.

For the reasons stated, the defendant's motion for return of property placed in evidence is denied. Defendant's companion motion to fix evidentiary hearing on the motion for return of property is also denied.

Pursuant to section 3612, the $61,000.00 in bribe money received in evidence in this case shall be deposited in the registry of the court and disposed of in accordance with the order of the court, as follows:

The motion of the United States of America to withdraw evidence will be treated as a motion to have monies deposited in the Treasury to the name and credit of the United States and granted.

So ordered.

---

**1.** 18 U.S.C. § 3612 provides as follows:

Moneys received or tendered in evidence in any United States Court, or before any officer thereof, which have been paid to or received by any official as a bribe, shall, after the final disposition of the case, proceeding or investigation, be deposited in the registry of the court to be disposed of in accordance with the order of the court, to be subject, however, to the provisions of section 2042 of Title 28.