## BROWN et al. v. PENNSYLVANIA CANAL CO. et al.

(Circuit Court of Appeals, Third Circuit. February 24, 1922.)

No. 2791.

**Corporations ⫷482(8)—Bondholders proving claims held to have no right to unclaimed portion of fund held for pro rata distribution.**

Bondholders of a corporation, who have proved their claims and received their share of a fund held for pro rata distribution among all bondholders, *held* to have no title or right to a portion of the fund undistributed, because the bonds to which it was allotted have not been proved.

Appeal from the District Court of the United States for the Eastern District of Pennsylvania; Oliver B. Dickinson, Judge.

Petition in equity of Alice Frances Brown and others against the Pennsylvania Canal Company and the Pennsylvania Railroad Company. Decree dismissing petition, and petitioners appeal. Affirmed.

For opinion below, see 274 Fed. 467.

Thos. Raeburn White and John Cadwalader, Jr., both of Philadelphia, Pa., for appellants.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. In this case a fund came into the registry of the court below under conditions described at full length

in 235 Fed. 669, 149 C. C. A. 89, and not, therefore, necessary to here restate. In due course there were proceedings to distribute this fund pro rata among the bondholders, with the result that all of them appeared, produced their bonds, and received their pro rata share, except the holders of 31 bonds. After diligent, but unsuccessful, effort to find them, there remains in the registry of the court the fund which would have been awarded them, had they appeared. Thereupon certain of the bondholders who did appear and receive their pro rata, in a petition to the court below, set forth that:

"There is in the registry of the court more than $30,000 balance remaining of this fund, which, if not distributed among the bondholders, will ultimately be turned into the Treasury of the United States."

And that:

"Petitioners aver that they and the other bondholders who have proven their bonds are entitled to a ratable distribution of said fund in proportion to their respective holdings."

Thereafter the court referred the petition to a master, who reported, recommending:

"That after the payment of the costs and expenses of the present proceedings, distribution of the fund now in the registry of the court be made to the holders of the 1916 bonds, whose claims have been heretofore proved."

After consideration thereof, the court declined to adopt the master's recommendation and entered a decree dismissing the petition. Thereupon this appeal was taken by the petitioning bondholders.

We find no error in the court's action. The burden certainly rested on the petitioning bondholders to show a right on their part to the pro rata share of the fund which belonged to their fellow bondholders. They have not done so, and we are therefore unable to see by what means the ownership of the nonappearing bondholders was transferred or forfeited to those who did appear. We are shown by the provisions of the mortgage, no interest one set of bondholders had in the bonds of another set of bondholders. To start with the premise that the court was administering a trust fund, and that it was payable to those cestui que trustents only who appeared when it was distributed, begs the whole question. Indeed, if the trust fund theory be urged, it will be seen that the trust imposed on the court was to hold and distribute to each bond, and therefore for each bondholder, the pro rata payable to it or him. Certainly no such trust as is here contended for was expressed in the mortgage, and we see no ground for implying one.

In the absence of any proven title or claim of title of these petitioning bondholders to the pro rata share of their fellows in the fund, we **follow** and affirm the action of the court below.