## UNITED STATES v. COCHRANE.

### No. 8119.

Circuit Court of Appeals, Fifth Circuit.

Dec. 15, 1936.

FOSTER, Circuit Judge, dissenting.

Francis H. Inge, U. S. Atty., of Mobile, Ala.

Wm. H. Armbrecht and T. E. Twitty, both of Mobile, Ala., for appellee.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

This controversy is over a fund in the registry of the court. The money was derived from the sale of railway properties pursuant to a decree in foreclosure proceedings. It was deposited in 1918 for the benefit of certain mortgage bondholders, and since that time has remained in the registry unclaimed by the parties entitled to it.

In 1935 the appellee filed a petition in the District Court alleging that seventeen years had elapsed and a large number of the bonds and coupons had not been presented to the clerk for payment; that the last time any were presented was in 1927; that the rights of the various holders of the unclaimed bonds have been lost by laches, and consequently they are no longer entitled to said money. He averred that, in equity, as trustee of the Alabama, Tennessee & Northern Railroad Corporation, the assignee of the purchaser at the foreclosure sale, he was entitled to the unclaimed funds, and prayed for an order directing the clerk to pay the same to him, to be held subject to the jurisdiction of the bankruptcy court which appointed him. The petition was later amended by alleging that, after diligent inquiry, neither the identity, names, nor addresses of any of the holders of the bonds or coupons which had not been presented were known to the petitioner, and that personal service upon them was impracticable.

By order of court, the clerk gave notice by publication for six successive weeks of a hearing upon the petition. In due time, by direction of the Attorney General, the district attorney appeared and was permitted to intervene on behalf of the United States as an interested party, claiming that the money should be paid into the treasury by virtue of section 852, title 28, of the United States Code (28 U.S.C.A. § 852), which provides that in every case where the right to withdraw money deposited in the registry of the court has been adjudicated or is not in dispute and such money has remained so deposited for at least five years unclaimed by the person entitled thereto, it shall be the duty of the judge to cause such money to be deposited in the Treasury of the United States, in the name and to the credit of the United States. Said section further provides that: "Any person or persons or any corporation or company entitled to any such money may, on petition to the court from which the money was received, or its successor, and upon notice to the United States attorney and full proof of right thereto, obtain an order of court directing the payment of such money to the claimant, and the money deposited as aforesaid shall constitute and be a permanent appropriation for payments in obedience to such orders." R.S. § 996, from Act of March 24, 1871, c. 2, § 2, 17 Stat. 1, as amended by Act of March 3, 1911, 36 Stat. 1083 (28 U.S.C.A. § 852).

Having permitted the district attorney to intervene, oppose the appellee's claim, and propound the claim for the United States, the court heard the matter and entered a decree denying all relief prayed for by the appellant and granting the petition of the appellee for payment to him of the balance of the fund after deducting therefrom the costs of the proceeding. From this decree the United States appealed. The jurisdiction of this court rests upon sections 225 and 230, title 28, United States Code, 28 U.S.C.A. §§ 225, 230 (Judicial Code, § 128, as amended, and section 8(c) of Act of Feb. 13, 1925, c. 229, 43 Stat. 940, as amended by Act Jan. 31, 1928, § 1, 45 Stat. 54).

We find no error in the action of the court in permitting the United States attorney to intervene and claim the fund on behalf of the rightful owners. By providing that he shall have notice of the hearing, the statute evidences an intention that he shall represent the beneficiaries of the trust. The interest of the federal government is that of a statutory trustee for the bondholders, and it may properly appear in its own courts for the purpose of preserving the rights of those for whose benefit the fund is held.

The record discloses that the right to withdraw the sum in the registry was adjudicated in a decree rendered September 20, 1918, in favor of the bondholders who have not appeared and claimed it, wherein it is expressly provided that, upon presentation to the clerk "at any time, or from time to time, of any of the remaining first mortgage bonds," he shall pay to the holders thereof the sums distributable to them as therein ordered. The right to withdraw the funds is not in dispute within the meaning of said section 852. Its payment into the registry was unconditional under said decree, and the balance therein has remained unclaimed by the persons entitled thereto for more than five years. Consequently, it became the duty of the district judge to order the money paid into the Treasury of the United States in accordance with the mandate of the statute. Brown v. Pennsylvania Canal Company (D.C.) 274 F. 467, affirmed (C. C.A.) 279 F. 417; Drascovich v. Equitable Trust Co. (C.C.A.) 3 F.(2d) 724; In re Moneys in Registry of District Court (D. C.) 170 F. 470.

Laches cannot fairly be chargeable to the bondholders, in view of the language of the act making the fund a permanent appropriation for payment of their claims. It was not intended to work an escheat, but to establish a trust fund for those persons who have neglected, or for some reason failed, to collect the amounts due them. It does not appear that any one has been injured by the delay (Galliher v. Caldwell, 145 U.S. 368, 12 S.Ct. 873, 36 L. Ed. 738), and the statute makes the fund a permanent appropriation available at all times for the payment of the bonds upon appropriate petition to the district court.

Finally, the burden of proving his right to the fund rests upon the appellee, and he has failed to meet this burden. United States v.. Thomas (C.C.A.) 75 F. (2d) 369. He claims to represent the purchaser, and yet it does not appear on what ground the purchaser would be entitled to both the property sold and the proceeds of the sale. Under the law and the facts, we think the district judge erred in granting appellee any relief. It follows that the motion of the United States attorney to pay the funds into the treasury should have been sustained.

The decree appealed from is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

FOSTER, Circuit Judge, dissents.