**PENNSYLVANIA R. CO. v. UNITED STATES et al.**

**No. 6544.**

Circuit Court of Appeals, Third Circuit.

Aug. 9, 1938.

Theodore Voorhees and Barnes, Biddle & Myers, all of Philadelphia, Pa., for appellant.

Albert H. Ladner, Jr., and A. J. Creskoff, both of Philadelphia, Pa. (Michael Edelman, of Philadelphia, Pa., of counsel), for appellee Klein.

Thomas V. Curtin, Asst. U. S. Atty., of Philadelphia, Pa., and J. Cullen Ganey, U. S. Atty., of Bethlehem, Pa., for appellee United States.

Before THOMPSON and BIGGS, Circuit Judges, and MARIS, District Judge.*

MARIS, Circuit Judge.*

This is an appeal by the Pennsylvania Railroad Company from the decree of the District Court for the Eastern District of Pennsylvania denying its petition for an order directing the payment to it of a fund on deposit in the Treasury of the United States. The fund is the residue of an amount paid by the appellant pursuant to a decree entered on February 13, 1916 in the court below.

The original action was brought in the court below by certain bondholders of the Pennsylvania Canal Company, a subsidiary of the Pennsylvania Railroad Company, alleging that the Railroad Company, which had assumed by purchase agreement the obligation to pay the interest (but not the principal) of the bonds, had caused the Canal Company to divert to the payment of interest in relief of the Railroad Company's obligation substantial sums which under the terms of the indenture should have been paid into a sinking fund for the retirement of the principal. It was also alleged that the Railroad Company had caused the Canal Company to cancel certain of the bonds which it had previously purchased and placed in the sinking fund, thus terminating the Railroad Company's obligation to pay interest on them for the benefit of the sinking fund.

The court below after hearing sustained these contentions (Brown v. Pennsylvania Coal Co., D.C., 229 F. 444) and its decree directing the Railroad Company to pay to the trustee for the bondholders of the Canal Company the sum of $1,379,941.28 with interest was affirmed by this court (235 F. 669). Pursuant to the decree the Railroad Company paid to the trustee the sum of $1,923,408.16 on January 24, 1917. After consideration of the proper distribution of this fund by the court below (D. C., 244 F. 980) and a modification of its order by this court (250 F. 513), a decree

*Appointed Circuit Judge June 24, 1938.

was entered on December 19, 1918, directing the trustee to make payment to the bondholders whose claims had been proved and to deposit the balance of the fund in the registry of the court below.

In compliance with that decree the trustee deposited $58,467.78 in the registry of the court, that amount representing the sum distributable upon certain bonds upon which no claim had been made. Thereafter from time to time claims were made by bondholders and the court directed that payment of their distributive shares be made out of the fund. On June 26, 1926 the balance of the fund then remaining unclaimed was transferred from the registry of the court to the Treasury of the United States pursuant to the provisions of the Act of March 3, 1911, 36 Stat. 1083, 28 U.S.C. § 852, 28 U.S.C.A. § 852. The sum of $16,874.49 is still on deposit in the Treasury and is the fund involved in this appeal.

On July 31, 1936 the Pennsylvania Railroad Company filed its petition in the court below asserting its ownership of this fund and praying for a decree directing payment of the fund to it by the Treasurer of the United States. Answers were filed by the United States and by the Commonwealth of Pennsylvania. The court below dismissed the petition on the ground that the Railroad Company had not established its title to the fund. The Railroad Company thereupon took the present appeal.

In the proceedings in the court below to which we have referred that court found that the Railroad Company was liable to the individual bondholders of the Canal Company because of its conduct in causing the Canal Company to divert funds from the payment of the principal of its bonds to the payment of interest thereon, thereby directly benefiting the Railroad Company which had, in effect, guaranteed the payment of interest but had no obligation with regard to the principal. This liability the court liquidated in its decree directing payment of a definite sum to the trustee for the bondholders.

When payment of the amount decreed was made by the Railroad Company it was a payment by that company of its indebtedness to the holders of the bonds. While the payment was made to a trustee for the bondholders the trustee was a mere distributing agent and each of the bondholders acquired title to his pro rata share of the fund. As the court below pointed out, the situation, so far as the Railroad Company was concerned, was the same as if it had paid its promissory note to a collecting bank which held the proceeds awaiting the call of the payee. The money with which it made the payment was its money until payment. At that moment, however, title passed to the holders of the bonds. Consequently thereafter the Railroad Company had no more title to the money than it would have had if it had used it to pay any other debt.

The Railroad Company urges, however, that since no one has as yet claimed the remaining balance of the fund a resulting trust arises in its favor under which the money should be returned to it. With this contention we cannot agree. As we have said, each of the bondholders received title to his pro rata share of the fund. Under the provisions of the Act of 1911 the fund may only be paid out to the persons entitled thereto and meanwhile it remains in the Treasury a permanent appropriation for payment to those persons when ordered by the court.

The burden of proving its right to the fund rested upon the appellant and this burden it has failed to meet. United States v. Cochrane, 5 Cir., 87 F.2d 3. The fund in question must, therefore, remain in the Treasury until claimed by the persons having title thereto or by the Commonwealth of Pennsylvania if their title has vested in it by escheat. See United States v. Klein, 303 U.S. 276, 58 S.Ct. 536, 82 L.Ed. 840.

Affirmed.