233 F.2d 468
 Rosa MAYER, as Administratrix of Benjamin Mayer, deceased, Plaintiff-Appellee,
v.
CHASE NATIONAL BANK OF the CITY OF NEW YORK, as Trustee under a certain agreement made on September 1, 1903, by and between the Western Pacific Railroad Company and the Bowling Green Trust Company, et al., Defendants-Appellees, and
The People of the State of New York, Intervening Defendant, Appellant.
 No. 278.
 Docket 23940.
 United States Court of Appeals Second Circuit.
 Argued March 5, 1956.
 Decided April 30, 1956.
 
 Robert M. Cowen, New York City, for plaintiff-appellee.
 Milbank, Tweed, Hope & Hadley, New York City (William Eldred Jackson and George H. Bailey, New York City, of counsel), for defendant-appellee Chase Nat. Bank as trustee.
 Bernard Cowen, New York City, for bondholder defendants and intervening defendants-appellees.
 Eugene H. Nickerson, New York City, and Abraham J. Gellinoff, New York City, guardians ad litem for absentee bondholders.
 Jacob K. Javits, Atty. Gen., of State of New York (James O. Moore, Jr., Solicitor General, Albany, N. Y., Daniel M. Cohen and Joseph H. Flynn, Asst. Attys. Gen., New York City, of counsel), for appellant.
 Before CLARK, Chief Judge, MEDINA, Circuit Judge, and GALSTON, District Judge.
 MEDINA, Circuit Judge.
 
 
 1
 This is a suit, based on diversity jurisdiction, for a declaratory judgment. The summary judgment from which this appeal is taken orders the defendant, Chase National Bank, to distribute certain funds to the plaintiff and other known holders of Western Pacific Railway mortgage bearer bonds issued in 1903 and in default since 1933. Reversal is sought by the appellant, the State of New York, an intervening defendant, and by attorneys appointed by the District Court to represent absent and unknown bondholders.
 
 
 2
 The source of the fund involved in this controversy is recoveries made between 1918 and 1925 on a judgment obtained by the mortgage trustee against Denver & Rio Grande Railway, which had guaranteed payment of principal and interest on the Western Pacific bonds. From the money thus recovered, the trustee made available to bondholders seven distributive shares, proportionate to their holdings. Some bondholders, whose identity is not known, did not present their bonds for one or more of their pro rata distributive shares. This unclaimed money, which is the subject of the District Court decree, is presently held in trust subject to the terms of the agreement between the Bowling Green Trust Company of New York, predecessor trustee of defendant Chase National Bank, and Western Pacific Railway, under which Western Pacific in 1903 issued the above mentioned bonds.
 
 
 3
 The agreement is quoted in the opinion below as providing that: "The trust was `created for the equal and proportionate benefit and security of all holders of the bonds and interest coupons issued and to be issued under and to be secured by this indenture.' Section 9 of Article 4 of the indenture provides that any money received by the Trustee `shall forthwith be applied by the Trustee to the payment pro rata of the amounts remaining due for principal and interest upon the bonds secured hereby and then unpaid in whole or in part.'" As the court below noted, the trust indenture makes no provision for forfeiture. Since plaintiff and other known bondholders, all of whom are intervening "defendants" and who together constitute over 95 per cent of all bondholders, have already received their full pro rata share of the money recovered on the guaranty, they are not entitled by the terms of the trust to any further participation in the fund. The complaint seeks a judgment declaring that the circumstances of the case require the trustee "to deviate or depart from the terms of said agreement."
 
 
 4
 The court below, adopting the views expressed in American Loan & Trust Co. v. Grand Rivers Co., C.C.W.D. Ky., 159 F. 775, and Louisville & N. R. Co. v. Robin, 5 Cir., 135 F.2d 704, ordered the distribution as "consonant with equitable principles." This, however, is a question that must be decided in accordance with New York law, where, as in the case before us, federal jurisdiction rests on diversity of citizenship. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188; Guaranty Trust Co. v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079. Moreover, we are directed by the Supreme Court to give respectful heed to the pronouncements even of inferior state tribunals of record. Fidelity Union Trust Co. v. Field, 1940, 311 U.S. 169, 61 S.Ct. 176, 85 L.Ed. 109; Six Companies of California v. Joint Highway District No. 13, 311 U.S. 180, 61 S.Ct. 186, 85 L.Ed. 114.
 
 
 5
 New York courts have twice at least considered the question before us. The leading case is Moskovitz v. Briskman, N.Y.L.J. February 17, 1950, Botein, J., in Special Term, affirmed Shaskan v. Briskman, 278 App.Div. 761, 104 N.Y.S. 2d 627. There, as here, the trust indenture provided that the security for the bond issue, a mortgage, was to be held in trust "for the equal and proportionate benefit and security of all present and future holders of said bonds and coupons, without preference * * *." The court construed this to mean that the funds were not payable to the bondholders as a class, but rather to each severally, in proportion to his holdings. Accordingly, it denied the secondary distribution of unclaimed shares requested in the complaint. This case was followed in the considered opinion of the referee in Matter of Continental Bank & Trust Company, under date of May 6, 1954, Sup.Ct., New York County, Index No. 12961 — 1952, approved and confirmed at Special Term by Justice Rabin, N.Y.L.J., July 21, 1954. In both cases, the courts were urged to follow Louisville & N. R. Co. v. Robin, supra, but refused to do so on the ground that the cases were factually distinguishable. Though the precise distinction those courts had in view is somewhat unclear, this is unimportant in view of the fact that we see no reasonable basis for distinguishing the New York cases from the one at bar.
 
 
 6
 These cases, contrary to plaintiff's contention, do not "nullify" Section 198 of the New York Debtor and Creditor Law, McK.Consol.Laws, c. 12. That section, the context of which is a proceeding to discharge an insolvent debtor, directs the trustee for the benefit of creditors to consider as relinquished dividends remaining unclaimed for one year and to distribute such dividends to other creditors. In both application and effect, this statute, as plaintiff herself points out, is analogous to Sections 66, sub. a and 66, sub. b of the Federal Bankruptcy Act, 11 U.S.C.A. § 106. But it has never been seriously suggested that the Bankruptcy Act was "nullified" by, or even inconsistent with such cases as Drascovich v. Equitable Trust Co., 9 Cir., 3 F.2d 724 and United States v. Cochrane, 5 Cir., 87 F.2d 3. See also Brown v. Pennsylvania Canal Co., D.C., 274 F. 467, affirmed 3 Cir., 279 F. 417. And, authority aside, we think it plain that cases adjudicating the rights of creditors as such in bankruptcy proceedings or creditors' arrangements are analogies of doubtful value where the question concerns the rights of creditors as cestuis que trustent of an express trust.
 
 
 7
 In view of our holding that the interests of the unknown bondholders in the fund are several and should not be turned over to the known bondholders, the cross-claim of the State of New York against the trustee alleging that the fund is abandoned property under § 300(1) (a) (v) of the New York Abandoned Property Law, McK.Consol.Laws, c. 1, becomes relevant. The trial judge did not pass on this claim. Since no motion for summary judgment was made by the State of New York, and since we may not consider the merits of the claim of bona vacantia on the present record, the cross-claim is remanded to the District Court to be disposed of in due course. We express no opinion on whether New York has a claim upon which relief can be granted or whether the District Court has jurisdiction to entertain the claim.
 
 
 8
 On remand, the trial court should also determine what further efforts should be made to locate the missing bondholders.
 
 
 9
 Reversed and remanded.