**Gwendolyn L. WOOD, Plaintiff,**

v.

**MOTOROLA, INC., a Delaware corporation, Defendant.**

**Civ. No. 80–0017.**

United States District Court, D. Hawaii.

July 16, 1984.

Andrew S. Hartnett, Honolulu, Hawaii, for plaintiff.

Robert S. Katz, Howard A. Matsuura, Honolulu, Hawaii, Stacy D. Shartin, Seyfarth, Shaw, Fairweather & Geraldson, Los Angeles, Cal., for defendant.

## OPINION

PENCE, District Judge.

This case is an unlawful employment practices suit by plaintiff Wood against her former employer, Motorola. The underlying employment practices suit has been settled. The case is now before this court on a motion for attorney's fees that has been brought by plaintiff's former attorney, David Hall. Before Wood settled with Motorola in the underlying case, Hall filed a lien for unpaid attorney's fees. Hall seeks payment out of funds that, by stipulation and order of this court, were deposited with the Clerk of the Court pursuant to that lien.

The only question before this court now is whether its jurisdiction over the underlying case extends to the ancillary matter of attorney's fees. Movant Hall argues that this court's jurisdiction encompasses his motion; respondent Wood contends that this court has no jurisdiction and that Hall must bring a separate action for attorney's fees. The issue appears to be one of first impression both in this circuit and in this district.[1] This court finds that its jurisdiction extends to the motion.

First, money has been paid into the coffers of the court and is being held pending resolution of the attorney's fee dispute. This court has jurisdiction over the money deposited into court by virtue of 28 U.S.C. § 2042, which provides that "no money deposited [into federal court] shall be withdrawn except by order of court." Since the court must order withdrawal of the funds, it follows that it also has the power to determine the nature of the distribution.

"Rightful ownership of funds deposited in court is generally determined in a hearing during the action incident to which the funds were deposited and adjudicated as part of the disposition of such action." 10 Federal Procedure, § 24:13 (L.Ed.1982). This motion for attorney's fees is therefore properly determined within the context of this action. The court has jurisdiction over the subject matter of the motion and therefore over the motion itself as well.

■ Second, this court has jurisdiction because Wood discharged Hall during the pendency of the underlying action. Where an attorney is dismissed by a client during the course of a pending action, courts have sustained jurisdiction to determine the fees due to the attorney. *Broughten v. Voss*, 634 F.2d 880, 882 (5th Cir.1981). The policy basis for the exercise of such ancillary jurisdiction is the court's responsibility to protect its officers and its power to do full and complete justice. *Iowa v. Union Asphalt & Roadoils, Inc.*, 409 F.2d 1239, 1244 (8th Cir.1969); *National Equip. Rental, Ltd. v. Mercury Typesetting Co.*, 323 F.2d 784, 786 n. 1 (2d Cir.1963).

The motion now before this court is one to which these policies apply. This court has extensive knowledge of the history of this action. Plaintiff Wood has employed and discharged a succession of attorneys during the pendency of her case. Without reaching the merits of whether the discharged attorneys are actually entitled to fees, this court determines from the record and from its experience with the case that this is a situation in which it is obliged to protect the interests of its officers, at least to the extent of determining their claims for attorney's fees before the case is closed.

Moreover, this court is convinced that its duty to do full and complete justice compels it to hear the motion for attorney's fees in the context of this action. If this

---

1. In *Moore v. Telfon Communications Corp.*, 589 F.2d 959, 967 (9th Cir.1978), the Ninth Circuit indicated that is within a court's discretionary power to hear a collateral attorney's fees dispute. *Moore*, however, was a case in which the attorney in question voluntarily withdrew. In the case now before this court, the movant attorney was discharged by his client.

court refused to find and exercise jurisdiction, movant Hall would be forced to file a suit in state court. The parties to this action would then face a considerable delay and expense in having Hall's claim determined. They would be required to make a record that would consist of facts and arguments that are already before this court. Finally, the parties would be forced to litigate before a judge who lacks the long experience with this case, and with these parties, that this court has had. Equity, along with judicial economy, dictate that this court employ its ancillary jurisdiction to hear this motion.

For these reasons, this court determines that it has jurisdiction over Hall's motion for payment of attorney's fees.