United States Court of Appeals,

Eleventh Circuit.

No. 95-7050.

UNITED STATES of America, Plaintiff-Appellee,

v.

Harlan J. BEACH, Defendant-Appellant.

May 22, 1997.

Appeal from the United States District Court for the Northern District of Alabama. (No. CR-90-PT-128-S), Robert B. Propst, Judge.

Before EDMONDSON, Circuit Judge, and KRAVITCH and HENDERSON, Senior Circuit Judges.

KRAVITCH, Senior Circuit Judge:

Harlan J. Beach appeals the district court's order that: (1) Beach's self-styled motion for return of property should be construed as a petition made pursuant to 18 U.S.C. § 3666; and (2) under 18 U.S.C. § 3666, the court must determine whether Beach has proven by a preponderance of the evidence that he is entitled to receive the property in question, money paid to a government official, regardless of the fact that a jury acquitted Beach of bribery charges. We affirm.

I.

In 1990, Beach was tried on three counts of bribing an Internal Revenue Service ("IRS") official in violation of 18 U.S.C. § 201. Beach admitted that he paid approximately $240,000 to an IRS official through a middleman.[1] He maintained, however, that the payment was made not as a bribe, but as a settlement of his tax

---

[1]The middleman apparently passed only $85,000 of the $240,000 to the IRS official.

debt (which the IRS then estimated at $800,000). The jury returned not guilty verdicts on all three charges against Beach. The district court made no disposition of the alleged bribe money immediately following the criminal trial, and the government instituted no forfeiture action.

In 1995, Beach filed a motion for return of property in the district court where he previously had been acquitted. Beach stated that the IRS still was attempting to collect $800,000 from him, and he demanded that the district court either declare the debt satisfied by his prior payment, or order $240,000 returned to him. The government responded by arguing that Beach's motion was procedurally deficient, and that his request for return of property should be handled pursuant to 18 U.S.C. § 3666.[2] Further, the government argued that, under 18 U.S.C. § 3666, the district court must determine whether Beach had proved by the preponderance standard that he was entitled to the money. The district court indicated that, despite the jury's verdict, it was inclined to find that the funds constituted bribe money. The district court then held that 18 U.S.C. § 3666 governed the case. At Beach's behest, the district court certified this appeal before it proceeded further.[3]

## II.

Because Beach's appeal presents legal questions regarding the

---

[2]The government also noted that it possessed only $85,000.

[3]Although the district court entered the orders in question on the docket for Beach's criminal case, it properly certified its rulings pursuant to 28 U.S.C. § 1292(b) because the post-judgment proceedings at issue are essentially civil in nature. *See* discussion *infra* Part II.B.

application of statutes and rules of procedure, review is *de novo.* *See, e.g., United States v. Logal,* 106 F.3d 1547, 1550 (11th Cir.1997).

A.

As an initial matter, we note that Beach has cited no authority to support his request for a judicial declaration that he owes no tax debt. A brief review of relevant tax statutes and caselaw confirms that this request must be denied because it is procedurally barred and substantively flawed. *See, e.g.,* 26 U.S.C. § 6213 (providing that a person contesting a tax deficiency must file a petition in the United States Tax Court after exhausting proper administrative channels); 26 U.S.C. § 7422 (specifying procedure for filing civil action for "recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected"); *Bowling v. United States,* 510 F.2d 112, 113 (5th Cir.1975) (discussing Internal Revenue Code sections on the compromising of tax cases and ruling that because "[t]hese provisions are exclusive and strictly construed ... no theory founded upon general concepts of accord and satisfaction can be used to impute a compromise settlement").

B.

Alternatively, Beach seeks return of $240,000, apparently by way of Fed.R.Crim.P. 41(e). Under this rule, "[a] person aggrieved *by an unlawful search and seizure or by the deprivation of property* may move the district court for the district in which *the property was seized* for the return of the property on the ground that such person is *entitled to lawful possession of the property.*"

Fed.R.Crim.P. 41(e) (emphasis added). Beach does not contend that the government possesses the alleged bribe money pursuant to "an unlawful search and seizure"; rather he claims that he is aggrieved "by the deprivation of property". *Id.* Courts have held that this latter phrase encompasses only situations in which the government holds property *lawfully seized* beyond the period of time it needs the property for investigative and/or prosecutorial purposes. *See United States v. Van Cauwenberghe,* 934 F.2d 1048, 1060-61 (9th Cir.1991) (discussing cases). Here, however, the funds in question never were seized, lawfully or unlawfully; rather, Beach voluntarily conveyed them to a third-party who willingly passed a portion of the funds to an IRS official. *Cf. United States v. Kim,* 738 F.Supp. 1002, 1005 (E.D.Va.1990) ("Although not contraband, the [money] was voluntarily given to the officials as part of defendant's felonious conduct; it was not seized.").

The government contends Beach's request is governed by 18 U.S.C. § 3666, which provides that:

> Moneys received or tendered in evidence in any United States Court, or before any officer thereof, which have been *paid to or received by any official as a bribe,* shall, after the *final disposition of the case, proceeding or investigation,* be deposited in the registry of the court to be disposed of in accordance with the order of the court, *to be subject, however, to the provisions of section 2042 of Title 28.*

18 U.S.C. § 3666 (emphasis added). The jury's verdict constitutes a "final disposition" of Beach's criminal case. As a result, the government argues that the funds in question should be deposited in the registry of the court for the court's disposal. According to the government, the district court properly treated Beach's motion

as a petition under 28 U.S.C. § 2042, which provides that "[a]ny claimant *entitled to any such money* [held in the registry of the court] may, on petition to the court and upon notice to the United States attorney and *full proof of right thereto,* obtain an order directing payment to him."  28 U.S.C. § 2042 (emphasis added).

Beach insists that 18 U.S.C. § 3666 does not apply to cases, such as his, in which the government fails to obtain a bribery conviction.  He maintains that he ought to recover the funds automatically based on the "fundamental principle of American jurisprudence:  namely, that an accused is innocent until proven guilty."  Appellant's Br. at 10 (emphasis omitted).

The former Fifth Circuit rejected a similar claim in *United States v. Thomas,* 75 F.2d 369 (5th Cir.1935), a case in which an alleged bootlegger was charged with violation of the National Prohibition Act and attempted bribery.[4]  He pleaded guilty to the liquor charge, but "he was not prosecuted for bribery."  *Id.* at 370.  After the statute of limitations for bribery had run, the bootlegger petitioned the court for return of a $1000 bill he allegedly paid to a customs agent.  The petitioner based his claim in large part on "the presumption that he [was] innocent of the charge of bribery."  *Id.*  The district court found that, under 18 U.S.C. § 3666 (then codified at 18 U.S.C. § 570), "because there had been and could be no prosecution against [petitioner] for bribery, he was entitled to the relief prayed...."  *Id.*  The Fifth

---

[4]In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (en banc), this court adopted as binding precedent all decisions of the former Fifth Circuit rendered before October 1, 1981.

Circuit reversed and ruled that "the [district] court erred in rejecting the [government's] answer [to the petition] as immaterial and ordering the money returned to [petitioner] on the case stated...." *Id.* It further held that "the [district] court should have heard testimony on the issue of bribery thus raised. [Petitioner] cannot avoid that issue by relying on the presumption of innocence...." *Id.*

To the extent *Thomas* is distinguishable from the instant case because Beach was acquitted of bribery whereas the petitioner in *Thomas* simply was not prosecuted for bribery, more recent authority from another circuit also counsels against Beach's argument. *See United States v. Kim,* 870 F.2d 81 (2d Cir.1989). In *Kim,* the Second Circuit concluded that the language of 18 U.S.C. § 3666 and the statute's cross-reference to 28 U.S.C. § 2042 "make it clear that a jury verdict in [a] criminal trial is not binding on the court in a § 3666 proceeding, for the burdens and quanta of proof applicable to criminal cases and civil cases are substantially different." *Id.* at 85.[5]

Beach attempts to distinguish *Kim* by pointing out that the

---

[5] In particular, the court noted that 18 U.S.C. § 3666 refers to "final dispositions", not "convictions", and that it applies to "proceedings" and "investigations", as well as "cases". *Kim,* 870 F.2d at 85. The *Kim* court's conclusion is substantiated further by a review of other statutory provisions codified near 18 U.S.C. § 3666. This review confirms that Congress knew how to condition the applicability of laws related to the disposition of materials involved in an alleged crime upon a defendant's conviction. *See, e.g.,* 18 U.S.C. § 3665 ("A judgment of conviction for transporting a stolen motor vehicle in interstate or foreign commerce or for [a federal felony] involving the use of threats, force, or violence or perpetrated in whole or in part by the use of firearms, may in addition to the penalty provided by law for such offense, order the confiscation and disposal of firearms and ammunition....").

petitioner in that case presented an entrapment defense at his bribery trial. The *Kim* petitioner, therefore, conceded that the money at issue was paid as a bribe, but escaped criminal liability because the government induced his action. In contrast, Beach asserts that he never admitted that the funds in question were paid as a bribe. The Second Circuit's decision to apply 18 U.S.C. § 3666 in the case before it, however, did not turn upon the fact that the petitioner in *Kim* presented an entrapment defense in his bribery trial. Rather, the court's ruling hinged upon a careful reading of the statute's language and cross-references. We find the Second Circuit's analysis equally applicable in this case. Accordingly, we affirm the district court's conclusion that 18 U.S.C. § 3666 controls cases, such as this one, in which money voluntarily paid to a government official comes within the purview of a United States court in connection with a bribery case, proceeding or investigation.

Beach insists that the extension of 18 U.S.C. § 3666 to cases, such as his, violates double jeopardy. As the *Kim* court noted, however, the statute operates as a remedial, not a punitive, measure. *See Kim,* 870 F.2d at 84-85. In this respect, 18 U.S.C. § 3666 resembles an *in rem* forfeiture statute. *See, e.g., United States v. Ambrosio,* 575 F.Supp. 546, 549 (E.D.N.Y.1983) (describing previous codification of 18 U.S.C. § 3666 as an *in rem* forfeiture measure); Terrance G. Reed & Joseph P. Gill, *RICO Forfeitures, Forfeitable "Interests", and Procedural Due Process,* 62 N.C.L.Rev. 57, 59 & n. 12 (1983) (same). Thus, its application to this case raises no double jeopardy concerns despite Beach's earlier

acquittal.  *See United States v. Ursery,* --- U.S. ----, ----, 116 S.Ct. 2135, 2148, 135 L.Ed.2d 549 (1996) (holding that "*in rem* civil forfeitures are neither "punishment' nor criminal for purposes of the Double Jeopardy Clause").

With its cross-reference to 28 U.S.C. § 2042, 18 U.S.C. § 3666 expressly requires a claimant, such as Beach, to offer "full proof of right" to the property at issue before he can "obtain an order [from the court] directing payment to him."  28 U.S.C. § 2042.[6]  We concur with the *Kim* court's conclusion that, given the civil nature of the proceedings under 28 U.S.C. § 2042, a claimant must satisfy the preponderance standard of proof.  *See Kim,* 870 F.2d at 84-85.  Beach argues that even if 18 U.S.C. § 3666 and 28 U.S.C. § 2042 govern this case and he must prove his entitlement to the funds at issue, a jury, not the court, should make the requisite findings of fact.  Beach has cited no proper authority to support this argument.  Because proceedings involving the disposition of judicially-held funds are equitable in nature, petitions brought under 28 U.S.C. § 2042 should be resolved exclusively by the court.  *See, e.g., United States v. $17,400 In Currency,* 524 F.2d 1105, 1108 (10th Cir.1975) (Doyle, J., dissenting) (describing petition for withdrawal of funds pursuant to 28 U.S.C. § 2042 as "[b]eing in the nature of an interpleader action");  *Wood v. Motorola, Inc.,* 587 F.Supp. 531, 532

---

[6]Even if Fed.R.Crim.P. 41(e) governed this case despite the absence of a seizure, Beach would still have to show lawful entitlement to the sought-after property.  *See Van Cauwenberghe,* 934 F.2d at 1061 ("Rule 41(e) motion[s] for return of property, however, may be denied if the defendant is not entitled to lawful possession of the seized property ...").

(D.Haw.1984) ("Since the court must order withdrawal of the funds [under 28 U.S.C. § 2042], it follows that it also has the power to determine the nature of the distribution.").

### III.

For these reasons, the interlocutory order of the district court certified for appeal is AFFIRMED.  This case is REMANDED for further proceedings consistent with this opinion.