### In re MINISCRIBE CORPORATION, Debtor.

### No. 90–00001–SBB.

United States Bankruptcy Court,
D. Colorado.

May 4, 2005.

Tom H. Connolly, Broomfield, CO, trustee.

Caroline C. Fuller, D.L. Glenn, John Weeda, Denver, CO, for creditor.

Douglas W. Jessop, Gregory L. Williams, Denver, CO, trustee.

## ORDER DENYING MOTION TO WITHDRAW UNCLAIMED FUNDS (DOCKET # 2436)

SIDNEY B. BROOKS, Bankruptcy Judge.

On November 9, 2004, a Motion to Withdraw Unclaimed Funds (Docket # 2436) ("Motion to Withdraw Funds") was filed with the Court on behalf of Miniscribe Corporation ("Debtor" or "Movant"). The Court, having reviewed the file and being advised in the premises, makes the following findings of fact, conclusions of law and Order.

### I. Background

The Debtor filed a voluntary Chapter 11 bankruptcy petition on January 1, 1990. The case was subsequently converted to Chapter 7 on June 8, 1994. The case was closed on September 30, 2004 with approximately $19,576.40 remaining in the Court's Registry.

On November 9, 2004, ostensibly the Debtor, by and through "their"[1] attorney, Brian Baum, Baum & Baum, Associates, P.A., ("Baum") filed the Motion to Withdraw Funds. *The Court's file does not reflect that Baum has ever previously entered an appearance in this matter for the Debtor. Moreover, this Court is not advised as to whether Baum is in compli-*

Brian Baum, Baum & Baum Associates, P.A., Katy, TX, for Debtor.

---

**1.** In the first sentence of the Motion to Withdraw Funds, counsel represents that Miniscribe Corporation appears by "their" attorney. This grammatical error would be overlooked but for the question this Court has as to whom or what counsel actually represents in this instance, as is discussed more fully in the text of this opinion.

*ance with L.B.R. 910.* Authority for filing the Motion and seeking the relief requested is alleged to have been given to Baum by Richard P. Rifenburgh, who is represented to be, *in the present grammatical tense,* Chief Executive Officer and Stockholder of the Debtor. To reflect this assertion, the Movant attaches to the Motion to Withdraw Funds a Limited Power of Attorney that was executed in September of 2003—*that is, while this case was still open and while a Chapter 7 Trustee was in place.*

In the Motion, Brian Baum represents that he has contacted former counsel for creditor U.S. Leasing Corp. ("U.S.Leasing") to inquire as to whether U.S. Leasing had any intention of claiming the distribution in this case awarded to it in the amount of $19,576.40. Counsel for U.S. Leasing evidently informed Mr. Baum that U.S. Leasing had previously merged with another company and that counsel would need some time to investigate the matter further and take whatever steps are necessary to continue representing U.S. Leasing in this matter. The Court is not advised any further in the matter of U.S. Leasing.

Movant, by its purported attorney, represents to this Court that the Court file does not have any record of the claims made by U.S. Leasing Corp., its attorneys, or any other creditors with respect to the funds remaining in the Court's registry and that the "Trustee's" Office [2] will not be appointing a trustee (or reappointing the trustee) and making any further distributions to creditors in this case due (a) to the length of time the case has been closed, (b) the improbability of locating addresses of remaining creditors, and (c) the apparent distribution to all creditors with the exception of U.S. Leasing Corp. Other than

counsel's assertions made in the Motion to Withdraw Funds, there are no affidavits or other evidence to verify, corroborate, or support the statements made in support of the Motion to Withdraw Funds.

## II. Issue

The issue before this Court is whether the Movant is entitled to an Order allowing for the withdrawal of unclaimed funds that are in the Registry of this Court.

## III. Discussion

### A. *Jurisdiction of the Court*

■ The Motion to Withdraw Funds tendered for filing has been accepted and filed in the Court file pursuant to Rule 5005, Fed.R.Bankr.P. The within case was closed by the Court on September 30, 2004. This Court, nevertheless, has jurisdiction to consider this matter under 11 U.S.C. §§ 347(a) and 554(b) with or without a motion to reopen the case.[3]

### B. *Unclaimed Funds in Bankruptcy*

11 U.S.C. § 347 governs unclaimed property of the bankruptcy estate. In accordance therewith, ninety days after the final distribution, all remaining property of the estate shall be paid into the court and disposed of under chapter 129 of title 28. 28 U.S.C. § 2041 mandates that:

> All moneys paid into any court of the United States, or received by the officers thereof, in any case pending or adjudicated in such court, shall be forthwith deposited with the Treasurer of the United States or a designated depository, in the name and to the credit of such court.

Section 2041 goes on to provide that "[t]his section shall not prevent the delivery of

---

**2.** The Court presumes that reference is made to the United States Trustee's Office.

**3.** *See, e.g., In re Taylor,* 216 B.R. 515, 521–22 (Bankr.E.D.Pa.1998)

any such money to the rightful owners upon security, according to the agreement of parties, under the direction of the court."

### C. *Burden Is on Movant to Show Right to the Fund*

28 U.S.C. § 2042 provides that: "[n]o money deposited under section 2041 ... shall be withdrawn except by order of court. The statute further provides that: '[a]ny claimant entitled to such money may ... on petition to the court and upon notice to the United States attorney and *full proof of the right thereto,* obtain an order directing a payment to him.' " (emphasis added).

 Under section 2042, the burden of proof is upon the Movant to show its right to the fund.[4] The Movant must satisfy the preponderance standard of proof.[5] As discussed in the section below, the Court concludes that the Movant has not met its burden.

### D. *The Right of the Movant to the Fund*

 Courts that have examined this issue in the bankruptcy context have concluded:

> In the absence of any express statutory authority governing the disposition of surplus funds, bankruptcy courts have commonly recognized the debtor's right to recover surplus bankruptcy funds under general equitable principles. Where the corporate debtor is no longer in existence, bankruptcy courts have simi-

larly employed their equitable powers to distribute the unclaimed funds to the shareholders. Where the corporate debtor is still in existence, however, there is no cause to look past the corporate entity to the individual shareholders, and the corporate entity is clearly entitled to the surplus funds.[6]

Seemingly, the question before this Court is whether the Debtor is the rightful owner of the unclaimed funds. Put another way, is this "claimant *entitled* to such money ..." as required by statute?

Based upon the very limited—and inadequate—"evidence" presented to this Court by the Movant, it appears that the unclaimed funds belong to creditor U.S. Leasing, not the Debtor. Movant has presented this Court with very little competent, compelling, or even persuasive evidence to refute same—other than a hearsay representations by counsel that (a) U.S. Leasing merged with another company and (b) counsel for U.S. Leasing would follow up on this matter.

However, it appears to this Court that the question is *not* whether the Debtor is the rightful owner of the unclaimed funds, *but whether Mr. Rifenburgh and his attorney have any rights to the unclaimed funds.* The documentation presented demonstrating that Mr. Rifenburgh—*on behalf of the Debtor*—has granted authority to Baum is dated, unsatisfactory, legally insufficient, curious, and troubling.

First, the Limited Power of Attorney attached to the Motion to Withdraw Funds is dated and signed on September 18 or 19, 2003.[7] In other words, the Limited Power

---

**4.** *See Hansen v. United States,* 340 F.2d 142, 144 (8th Cir.1965); *Pennsylvania R.R.Co. v. United States,* 98 F.2d 893, 894 (3d Cir.1938); and *United States v. Cochrane,* 87 F.2d 3, 5(5th Cir.1936).

**5.** *United States v. Beach,* 113 F.3d 188 (11th Cir.1997).

**6.** *Georgian Villa, Inc. v. United States (In re Georgian Villa, Inc.),* 55 F.3d 1561, 1563 (11 th Cir.1995) (citations omitted).

**7.** The specific date on the date line is unclear. The notary indicates that the date is September 19, 2003.

of Attorney is dated a full year before the filing of the Chapter 7 Trustee's Final Account and the closing of this case. The Limited Power of Attorney on its face and the timing thereof brings into question the person or entity Baum is really representing in this matter. If Baum contends it is representing the Debtor, it would seem that, at the time this Limited Power of Attorney was executed, it would have been representing the estate and would have required approval of employment from this Court under 11 U.S.C. § 327.

■ Second, the Limited Power of Attorney appoints Baum to collect funds remaining unclaimed in the Registry of the Court for a handsome contingency fee of 40% of the amount recovered. Assuming the amount recovered is $19,661.60 as stated in the Limited Power of Attorney, this means that Baum would recover for itself $7,864.64. If Baum is representing Mr. Rifenburgh, individually, this Court cannot unilaterally and summarily abandon property of the estate which devolves to the benefit of a former officer or director of the former Debtor, individually. In that instance, turnover of estate assets to a person neither a creditor nor a person entitled to distribution under the law is improper and impermissible. Only a rightful claimant—either a creditor or a legal successor to the Debtor—is *"entitled"* to a distribution. The present foray into this Court results in a windfall inuring to the benefit of Mr. Rifenburgh and Baum without any legal justification.

### E. *Other Concerns*

The numerous problems with the pending Motion to Withdraw Funds do not stop with the above, and include, but are not limited to:

1. The United States Attorney is to be served with the Motion to Withdraw Funds and is represented by counsel to have been served by mail. However, the address utilized by the Movant is *not* the correct address for the United States Attorney.[8]

2. Brian Baum, an attorney from Texas, filed the Motion to Withdraw Funds. Pursuant to L.B.R. 910 he is to either be admitted before this Court or seek admission *pro hac vice.* The Court is not advised as to Mr. Baum's ability to appear before this Court. Any future pleadings filed by Mr. Baum in this Court shall make a representation to this Court regarding his ability to appear before this Court.

### IV. Order

Based upon the above and foregoing, it is hereby

ORDERED that the Motion to Withdraw Funds (Docket # 2436) is DENIED.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve a copy of this Order on the United States Trustee, United States Attorney for the District of Colorado, the former Chapter 7 Trustee, U.S. Leasing Corporation at its last known address, and Brian Baum.

---

8. In light of the overlap between the filing of the Motion to Withdraw Funds, the execution of the Limited Power of Attorney and the closing of this case, any future relief sought by the Movant in the nature of seeking a withdrawal of the funds shall be served on the former Chapter 7 Trustee, in addition to those otherwise entitled to service and to notice.